370 So.2d 106 (1978)
Carlton L. STATON
v.
Russell D. HUTCHINSON.
No. 12160.
Court of Appeal of Louisiana, First Circuit.
April 14, 1978.
*107 Cyrus J. Greco, Baton Rouge, for appellant.
Maxime G. LaBranche, Baton Rouge, for appellee.
Before SARTAIN, ELLIS, LOTTINGER, CHIASSON and PONDER, JJ.
PER CURIAM.
This is an election contest suit filed by Carlton L. Staton challenging the results of the April 1, 1978, primary election for the office of Chief of Police of the Village of Albany, Louisiana. A total of 392 votes were cast in the election with the defendant, Russell D. Hutchinson receiving 197 votes, Carlton L. Staton 172 and Leon McAllister 23.
Plaintiff contends that the absentee votes cast by James Albin and Louis Ray Albin and the machine vote cast by Joseph Clary were illegal under the provisions of LSA-R.S. 18:110, the Louisiana Election Code, as these persons were not eligible to vote in the election. He then prays for judgment declaring a general election for the office of Chief of Police with the plaintiff and Hutchinson as the only candidates. In the alternative, he prays that the April 1, 1978, election be declared void.
The defendant filed a peremptory exception of no cause of action. The trial court denied the peremptory exception and rendered judgment voiding the election of the defendant, Hutchinson, on April 1, 1978 as the Chief of Police of the Village of Albany and ordered a general election be held on May 13, 1978 between Hutchinson and Staton only, for the office of Chief of Police.

EXCEPTION OF NO CAUSE OF ACTION
Defendant's exception of no cause of action is based on the proposition that a petition in an election contest which alleges no irregularities other than non-residence of voters fails to state a cause of action, citing Perez v. Cognevich, 156 La. 331, 100 So. 444 (1924) and LeBlanc v. Primeaux, 2 So.2d 274 (La.App. 1st Cir. 1941).
At the 1976 Regular Session, the Louisiana Legislature enacted Act 697 which amended and reenacted the entirety of Title 18 of the Louisiana Revised Statutes of 1950, except those chapters dealing with political contributions or other activities and the registrars of voters employees retirement system. Title 18 was redesignated the Louisiana Election Code, and was effective January 1, 1978.
LSA-R.S. 18:1434 provides:
"An objection to the qualifications of a voter or to an irregularity in the conduct of the election which, with the exercise of due diligence, could have been raised by a challenge of the voter or objections at the polls to the procedure is deemed waived."
Additionally, LSA-R.S. 18:565 provides:

*108 "A. Grounds for challenge. A commissioner, watcher, or qualified voter may challenge a person applying to vote in a primary or general election on the ground that (1) the applicant is not qualified to vote in the election, (2) the applicant is not qualified to vote in the precinct, or (3) the applicant is not the person whose name is shown on the precinct register or computer voting list.
"B. Disposition of record of challenge. A written record of the challenge, signed by the challenger, shall be placed in the envelope marked `Put in Voting Machine' and shall be preserved as part of the election returns.
"C. Disposition of the challenge. The commissioners present shall determine the validity of the challenge. If they determine by majority vote that the challenge is valid, the applicant shall not be permitted to vote. If a majority of the commissioners determine that the challenge is invalid, the applicant shall be permitted to vote."
Defendant argues that LSA-R.S. 18:1434 is merely a codification of the above rule as expressed in Perez v. Cognevich, supra, and LeBlanc v. Primeaux, supra. He argues that objections to a voter's qualifications are waived unless the voter has been challenged pursuant to LSA-R.S. 18:196, and objections to procedural irregularities are waived unless an objection is made at the polls.
We disagree.
LSA-R.S. 18:565 specifically allows a challenge at the polls of a person applying to vote. If defendant is correct in his contention, then LSA-R.S. 18:565 is meaningless. The general rule is that the legislature does not enact vain and useless legislation. LSA-R.S. 18:565C grants to the commissioners the authority to determine the validity of the challenge to a person applying to vote. If the challenge is denied, then under defendant's contention, there would be no recourse. This would make the commissioners the final authority without judicial review. We cannot conceive the legislature ever intending such.
We realize this court in LeBlanc v. Primeaux, supra, followed the rule announced in Perez, however, we are of the opinion that the Perez rule has been legislatively overruled by the adoption of the Louisiana Election Code. For cases not following Perez v. Cognevich, supra, see Bradley v. Neill, 174 La. 702, 141 So. 382 (1932) and Timberlake v. Lindsey, 140 So.2d 406 (La. App. 3rd Cir. 1962) and the cases cited therein.
Since challenges to these three votes were made pursuant to LSA-R.S. 18:565, we find no error on the part of the trial judge in denying the exception.

MERITS
LSA-R.S. 18:101B in part provides:
"For purposes of the laws governing voter registration and voting, `resident' means a citizen who resides in this state and in the parish, municipality (if any), and precinct in which he offers to register and vote, with an intention to reside there indefinitely. If a citizen resides at more than one place in the state with an intention to reside there indefinitely, he may register and vote only at one of the places at which he resides."
Further, LSA-R.S. 18:110A provides:
"The change of residence of a registrant from one precinct to another in the same parish does not deprive him of the right to remain as a legal registrant in the precinct from which he has removed until he registers and has the right to vote in the precinct to which he has moved or until three months after he moved, whichever is sooner. However, if the registrant changes his residence to a place outside of the ward or incorporated municipality in which he resided, he shall not retain the right to vote for candidates for office to be filled solely from the ward or municipality from which he has moved. After this three month period, he no longer shall have the right to vote in the precinct from which he has moved."
*109 Webster's Third New International Dictionary, Unabridged Edition defines residence as "the place where one actively lives or has his home as distinguished from his technical domicile."
We are of the opinion that when the legislature uses the terminology reside, resident and residence it means where an individual lives, where he sleeps and eats. Thus we proceed to a discussion of the three contested votes.

Joseph Clary
Since 1974, Joseph Clary has resided in an apartment on the Hammond State School grounds, outside the Village of Albany. Though he still owns a home in Albany, it is rented and he has not lived in this house since 1974. Thus, Clary is not a resident of Albany, and under LSA-R.S. 18:110A he could not vote in this election.

James Albin
James Albin registered to vote in Albany in August, 1977. Between April 1977, and the election in question, Albin and his wife moved to the State of Mississippi for three to four months, where he worked. When Albin and his wife separated, he returned to Louisiana. The trial judge was of the opinion that once Albin moved to Mississippi for this length of time he no longer resided in Albany, thus losing his voter registration. We agree. LSA-R.S. 18:110A.
Since the disqualification of these two votes is sufficient to make it impossible to determine the result of the election, we pretermit any discussion of the challenge to the vote of Louis Ray Albin.
A total of 392 votes were cast in this election. The disqualification of these two votes reduces the total to 390. To be the winner in this election, a candidate must receive 50% plus one vote or 196 votes. Considering that there is no evidence for which candidate these two votes were cast, and if they were cast for the defendant he would only have 195 votes, it is impossible to determine the result of this election. LSA-R.S. 18:1432.
The trial judge voided the result of the primary election and declared a general election between Staton and Hutchinson. Though error has not been alleged by appellant, under the authority of LSA-C.C.P. Art. 2164, we find the trial judge exceeded the authority granted him under LSA-R.S. 18:1431 and 1432. LSA-R.S. 18:1431 is only applicable when it is known which candidate received the questioned votes. The only authority granted under LSA-R.S. 18:1432 is to void the election. Thus, the trial judge was in error in ordering a general election between Staton and Hutchinson. The proper remedy is to void the primary election and order a new primary election with the same candidates as previously.
Therefore, for the above and foregoing reasons the judgment of the trial court is amended so as to void the primary election held on April 1, 1978 for the office of Chief of Police for the Village of Albany, Louisiana, and it is ordered that a new primary election between the same candidates as participated in the April 1, 1978 primary be called in accordance with law. Defendant-appellant to pay all costs of this appeal.
AMENDED AND RENDERED.