261 N.J. Super. 366 (1992)
618 A.2d 931
D.C., PLAINTIFF,
v.
SUPERINTENDENT OF ELECTIONS AND COMMISSIONER OF REGISTRATION MONMOUTH COUNTY, DEFENDANTS.
Superior Court of New Jersey, Law Division Monmouth County.
Decided October 23, 1992.
*367 Eric Neisser for plaintiff (on behalf of the ACLU of New Jersey).
David Dembe, Deputy Attorney General for defendants Monmouth County Superintendent of Elections and Commissioner of Registration of Monmouth County (Robert J. Del Tufo, Attorney General, attorney).
MILBERG, A.J.S.C.
In this summary proceeding, the plaintiff applies for an order permitting her to register to vote in a manner precluding public disclosure of her residential address. Notice of this application was given to the defendant; the court has been advised by the Attorney General on behalf of the defendant that it neither supports nor opposes the application.
The question presented is whether it is permissible for the plaintiff to register to vote without making her address a matter of public record in light of the provisions of N.J.S.A. 19:31-18.1 which require that the registry list, including registrants' addresses, be publicly available. This issue has not heretofore been addressed by any court of our State. I hold that under the circumstances of this case, plaintiff should be permitted to register to vote without having her residential address made a matter of public record.
Plaintiff is a citizen of the United States over the age of 18 and a resident of Monmouth County. She was lawfully registered to vote from a previous address in Monmouth County and did in fact vote in several elections. In the spring of 1991 it was necessary that she move to her current address because her ex-husband repeatedly violated a permanent restraining order issued in September, 1988 pursuant to the Prevention of Domestic Violence Act. As a result of such violations she suffers permanent physical injuries. Due to her fear that there will be further attacks by her ex-husband, plaintiff now seeks to keep her current place of residence confidential.
*368 In 1991, plaintiff attempted to register to vote in Monmouth County using her post office box as her address. She offered to disclose her actual address to the defendant if it would be kept confidential. She was informed by the defendant that her registration information, including her address, would not be exempt from public access and disclosure.
Again on October 1, 1992, she attempted to register to vote in time for the November 3, 1992 election. Her application to register included only her post office box as her address. She was then advised that her registration was deficient because of the absence of her residential address. She was further advised that she would not be able to register to vote in the upcoming election absent a court order.
Plaintiff argues that she is eligible to vote under the provisions of the New Jersey Constitution, and that the Constitution supercedes inconsistent statutes regarding voter registration. Furthermore, she contends that the broad purpose of the Prevention of Domestic Violence Act of 1991 should permit her to exercise her constitutional right to vote without her residential address becoming a matter of public record.
Article II, para. 3(a) of the New Jersey Constitution of 1947 describes qualifications for voting. The right is accorded to each citizen of the United States of the age of 18 years or older "who shall have been a resident of the state and of the county in which he claims to vote thirty days, next before the election...."
In order to be entitled to vote, one must be permanently registered pursuant to N.J.S.A. 19:31-1.1. Pursuant to N.J.S.A. 19:31-3(b)(2), a person entitled to vote must complete a permanent registration form which contains information concerning the place of residence and street address of the applicant; the commissioner of registration (who is also the superintendent of elections) is required to procure information necessary to determine the exact place of residence of the registrant. *369 N.J.A.C. 15:10-1.5(c)(2) renders a registration with a post office box invalid if the street address is not also supplied.
The commissioner is required to certify and transmit to the county clerk a complete list of all persons registered in each election district of each municipality in the county. N.J.S.A. 19:31-18. The county clerk is required to print the list of persons registered in each election district and furnish it to any voter who may apply for a copy. N.J.S.A. 19:31-18.1. As a result of this statute, the names and addresses of all registered voters are available to the public.
The Prevention of Domestic Violence Act of 1991 states that it is "the intent of the legislature to assure the victims of domestic violence the maximum protection from abuse the law can provide." N.J.S.A. 2C:25-18. The Act requires courts to keep addresses of abused women confidential in domestic violence proceedings. It specifies that, "the court shall waive any requirement that the petitioner's place of residence appear on the complaint," N.J.S.A. 2C:25-28(b), and "shall waive any requirement that the victim's location be disclosed to any person." N.J.S.A. 2C:25-25(c). In addition, the Act mandates that "the victim's location shall remain confidential and shall not appear on any documents or records to which the defendant has access." N.J.S.A. 2C:25-26(c). Finally, the Act expressly "encourages the broad application of the remedies available under this act in the civil and criminal courts." N.J.S.A. 2C:25-18. The Act does not specifically provide for confidentiality of a domestic violence victim's address in other contexts.
Our courts are, "steadfastly committed to the principle that election laws must be liberally construed to effectuate the overriding public policy in favor of the enfranchisement of voters." Afran v. County of Somerset, 244 N.J. Super. 229, 232, 581 A.2d 1359 (App.Div. 1990).
In Afran the issue was whether the plaintiffs, who were registered voters in Somerset County and moved to Mercer County less than 30 days before the next election, would be *370 permitted to vote in that election. Plaintiffs were informed by the respective counties that they could not vote in Somerset since they no longer resided there, nor could they vote in Mercer since they were not residents of the county for 30 days prior to the election. The Appellate Division ruled that their right to vote could not be abridged, particularly in light of N.J.S.A. 19:31-11(b), which permits voters who move intra-county less than thirty days before the next election, to vote in the district from which they moved. The court rejected the disparate treatment afforded to voters who moved inter-county versus those who moved intra-county, and declared that the plaintiffs were entitled to vote. "[T]he exercise of the basic right of suffrage, a civil and political franchise ... [is] of the very essence of our democratic process" Afran, supra, 244 N.J. Super. at 231-32, 581 A.2d 1359 (quoting Gangemi v. Berry, 25 N.J. 1, 12, 134 A.2d 1 (1957)).
In an opinion consistent with this policy of enfranchisement, the New Jersey Attorney General's Office issued Formal Opinion No. 2 in April 1991, stating that, "the status of being a homeless person is not, and cannot be, a basis to deny an individual's right to vote so long as the constitutional and statutory benchmarks of age and State, county and district residence are met" N.J.Atty.Gen.F.O. 1991, No. 2, p. 9.
Election regulations regarding the electoral process are subject to "close constitutional scrutiny," N.J.Atty.Gen.F.O. 1991, No. 2, p. 2 (citing Matthews v. Atlantic City, 84 N.J. 153, 160, 417 A.2d 1011 (1980)); they should be liberally construed to further and protect voters' rights. N.J.Atty.Gen.F.O. 1991, No. 2, p. 2 (citing Gangemi v. Berry, 25 N.J. 1, 12, 134 A.2d 1 (1957)). Moreover,
"statutes designed to implement the right to vote and to guard against voter fraud, such as those which require a street address for each applicant, or the provisions of N.J.S.A. 19:31-11 which call for notice of a change of address, must be applied in a manner which does not unduly frustrate the voting rights of the homeless. Obviously, for those who can supply statutorily required data, the law requires that it be obtained. However, where such statutory requirements may erect unreasonable barriers to voting, their particular provisions *371 must be harmonized with the right to vote guaranteed by the State and federal constitutions." N.J.Atty.Gen.F.O. 1991, No. 2, p. 7.
The accommodations made in Afran to enfranchise voters who moved inter-county within New Jersey less than thirty days before the next election, and those made by the Attorney General permitting homeless people to vote, support plaintiff's application to the court asking that the disclosure statute be construed liberally. Accommodation here will not jeopardize the integrity of the electoral system. In fact, plaintiff is willing to disclose her residential address to the court and to the Superintendent of Elections. She only requests that her address not be made a matter of public record.
As noted in the Attorney General's Opinion, the circumstances surrounding the voting rights of the homeless were apparently not contemplated by the Legislature; their situation was not addressed in any governing statutory procedures. Despite this legislative silence and the attendant administrative burdens of providing alternative registration procedures for the homeless, their right to vote is protected.
Similarly, it appears that the Legislature did not contemplate the situation faced by victims of domestic violence who want to register to vote but must protect the confidentiality of their address to protect themselves from future abuse. Like the homeless, their right to vote must be ensured. And, this court recognizes that in order for the right to be a meaningful one, a domestic violence victim must be able to keep her residential address from becoming part of the public record.
Accordingly, the court holds that the plaintiff shall be permitted to register to vote without making her address a matter of public record and the defendant is directed to register the plaintiff to vote in accordance with the following procedure:
1. Plaintiff shall submit a completed Permanent New Jersey Voter Registration Form which shall include the name of the municipality in which she resides but may exclude her residential street address. She shall attach to said application a copy *372 of her permanent Domestic Violence Restraining Order together with a statement that she wishes to keep her residential address confidential because she fears continued violence. A mailing address, post office box or other contact point in which mail from the commissioner of registration can be received by the plaintiff shall also be supplied.
2. Upon receipt of these documents, the commissioner of registration shall furnish to the plaintiff a copy of the map of the voting districts within her municipality so that she can identify the voting district within which she resides.
3. Plaintiff shall submit to the commissioner of registration an affidavit identifying in which voting district she resides. The affidavit shall contain a statement that in the event she changes her residence she will in writing promptly notify the commissioner of registration.
4. In the event of a change of residence, plaintiff shall be required to re-register in the district in which she resides by submitting a new Permanent Voter Registration Form in accordance with the procedure set forth above.
Until the Legislature addresses this registration question directly, it is recommended that the commissioner register any recipient of an enforceable temporary or permanent restraining order, issued pursuant to the Prevention of the Domestic Violence Act, in accordance with the procedures set forth in this opinion.