Dear Representative Alexander:
This office is in receipt of your opinion request in which you present the following issue for our review:
 Can the homeless use a shelter center's address as their place of residence so that they are allowed to register to vote?
LSA-R.S. 18:101(A) and (B) states, in pertinent part:
 A. (1) Every citizen of Louisiana who is least eighteen years of age or will attain that age on or before the next election, is an actual bona fide resident of this state, and the parish, municipality, if any, and precinct in which he offers to register as a voter, is not disfranchised, and who complies with the provisions of this Chapter shall be eligible to register to vote in local state, and national elections held in this state . . .
* * *
 B. For purposes of the laws governing voter registration and voting, `resident' means a citizen who resides in this state and in the parish, municipality (if any), and precinct in which he offers to register and vote, with an intention to reside there indefinitely. If a citizen resides at more than one place in the state with an intention to reside there indefinitely, he may register and vote only at one of the places at which he resides . . . (Emphasis added.)
Louisiana case law provides guidelines on determining a person's residence. For example, Stanton v. Hutchinson, 370 So.2d 106
(La.App. 1 Cir. 1978) held that residence, with regard to voter registration, means where a person lives, sleeps and eats. Other cases have also considered a person's utility services. However, we were not able to find a Louisiana case which specifically addresses the residency of a homeless person.
Other states have addressed this issue in the following cases:Pitts v. Black, 608 F. Supp. 696 (D.N.Y. 1984), D.C.v. Superintendent of Elections, 261 N.J. Super. 366 (1982) and Collier v. Menzel, 176 Cal.App.3d 24 (1985). InPitts, the Court held that "Homeless individuals identifying a specific location within a political community which they consider their `home base' to which they return regularly, manifest an intent to remain for the present, and a place from which they can receive messages and be contacted, satisfy the more stringent domicile standard and should not be disenfranchised solely because they lack a non-traditional residence." Id. at 710.
In decision after decision, the United States Supreme Court has made clear that a citizen has a constitutionally protected right to participate in elections on a equal basis with other citizens in the jurisdiction. (e.g., Evans v. Cornman, 398 U.S. 419,421-422, 426, 90 S.Ct. 1752, 1754-1755, 1756, 26 L.Ed.2d 370
(1970); Kramer v. Union Free School District No. 15,395 U.S. 621, 626-628, 89 S.Ct. 1886, 1889-1890, 23 L.Ed.2d 583
(1969); Cipriano v. City of Houma, 395 U.S. 701, 706,89 S.Ct. 1897, 1900, 23 L.Ed.2d 647 (1969)). And the courts have held that states must show a compelling state interest in order to allow some qualified voters, i.e., property owners, to vote and exclude others in limited purpose elections, such as tax elections. (e.g., Cipriano, supra, provisions of Louisiana law which gave only "property taxpayers" the right to vote in an election called to approve the issuance of revenue bonds by municipal utilities was unconstitutional as denying equal protection to nonproperty owners; and Branton v.Webster Parish School Board, 596 So.2d 840 (2nd Cir. 1992), qualified voters in a school district bond election included all registered voters, rather than just property taxpayers.).
In response to your question, it is the opinion of this office that a homeless individual may use a shelter as his residence for the purpose of registering to vote, provided the individual complies with the residency requirements of R.S. 18:101(B). Said requirements are that the individual reside in this state, in the parish, municipality (if any), and precinct where he offers to register and vote and the individual has the intent to resideat such place indefinitely. We must emphasize that Louisiana law requires a residence and therefore, one can only use the address of a shelter to register to vote if he actually resides at said shelter.
We hope this opinion adequately answers your question. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/pb