Dear Mr. Wall and Ms. Phelps:
This office is in receipt of your request for an opinion of the Attorney General in regard to registration of a voter. You indicate a request has been made for registration as a voter in the Town of Madisonville by an individual whose property lies partially within the corporate limits and partially beyond the corporate limits. The home is situated on that portion of the property outside the corporate limits with an address reflecting it is beyond the Town of Madisonville. However, she feels as a tax payer of the Town of Madisonville she should have a voice in local government and have a fair representation of her property.
The fact that an individual is a tax payer of a community by having property located within the corporate limits is not the criteria that determines eligibility to be a voter in that community. R.S. 18:101 provides in part in Paragraph A that every citizen who is at least 18 years of age, a resident
of the state, parish, municipality and precinct shall be eligible to register to vote. Paragraph B then provides as follows:
 For purposes of laws governing voter registration and voting, "resident" means a citizen who resides in this state and in the parish, municipality (if any), and precinct in which he offers to register and vote, with an intention to reside there indefinitely. If the citizen resides at more than one place in the state with an intention to reside there indefinitely, he may register and vote only at one of the places at which he resides. * * * A citizen of this state shall not be or remain registered or vote in more than one place of residence at any one time.
While an individual may have more than one residence, it does not appear from the facts presented that the individual in question has a residence within the corporate limits of Madisonville inasmuch as the home is situated on the portion of property outside the corporate limits. Therefore, there is lack of eligibility to register and be a voter in the municipality.
In State v. Hutchinson, 370 So.2d 106 (La.App 1978), the court stated as follows:
 We are of the opinion that when the legislature uses the terminology reside, resident
and residence it means where an individual lives, where he sleeps and eats.
Similarly, in Williamson v. Village of Baskin,339 So.2d 474 (La.App 1976) the court maintained that while intent of residency is important, there must also be "actual physical use or occupation of quarters for living purposes before residency is established."
We recognize that "residency" is not synonymous with "domicile" inasmuch as a person can have only one "domicile" but more than one residence. However, we would conclude a residence for political purposes requires that there must be a structure capable of habitation.
We hope this sufficiently answers your inquiry but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR