Dear Senator Claitor:
You have requested the opinion of this office concerning the scope of La.R.S. 40:49(B), specifically asking:
(1) Whether La.R.S. 40:49(B) applies to spontaneously occurring stillbirths or only to fetal deaths due to induced termination of pregnancy as set forth in La.R.S. 40:48; and
(2) Whether La.R.S. 40:49(B) requires involvement of a funeral director if the date of delivery occurs after twenty weeks gestation but the fetal demise occurs before twenty weeks.
For the reasons that follow, it is the opinion of this office that La.R.S. 40:49(B)(9) applies only to spontaneously occurring fetal deaths (stillbirths) and does not apply to induced terminations of pregnancy (abortions). In response to the second question, La.R.S. 40:49(B)(9) requires that a certificate of spontaneous fetal death be prepared and filed if the date of delivery occurs twenty weeks after the last normal menstrual period regardless of the actual date of fetal demise, and according to La.R.S. 40:49(A) and (B)(10) a funeral director is the proper authority to prepare and file said certificate only when the delivery does not occur in an institution, as defined in La.R.S. 40:32(8).
Chapter 2 of Title 40 of the Louisiana Revised Statutes comprises the state Vital Statistics Laws, La.R.S. 40:32, etseq. Sections 47 and 49 establish the requirements for preparation of certificates of death and certificates of spontaneous fetal death. Although we are called on to interpret Section 49(B)(9), we quote all relevant portions of *Page 2 
each statute since laws in pari materia must be interpreted in reference to each other. La.Civ.C. art. 17.
 § 47. Compulsory registration of deaths and spontaneous fetal deaths (stillbirths)
 A. A certificate of every death and every spontaneous fetal death except as noted in R.S. 40:49(B)(9) shall be filed with a registrar within five days after its occurrence. . . .
 B. When spontaneous fetal death, required to be reported by this Section, occurs without medical attendance at or immediately after the delivery or when inquiry is required by [R.S. 40:34(B)(2)(r)(iv)] the coroner shall investigate the cause of death and shall prepare and file the certificate within five days.
 . . . . § 49. Preparation and filing of death and spontaneous fetal death certificate (stillbirth)
 A. The funeral director or person acting as such shall prepare and file the certificate of death or spontaneous fetal death or stillbirth provided for in R.S. 40:48.
 B. In preparing a certificate of death or spontaneous fetal death or stillbirth, he shall:
 . . . . (9) Each spontaneous fetal death of twenty complete weeks gestation or more, calculated from the date last (sic) normal menstrual period began to the date of delivery, or a weight of three hundred fifty grams or more, which occurs in this state shall be reported within five days after delivery to the vital records registry or as otherwise directed by the state registrar.
 (10) When a dead fetus is delivered in an institution, the person in charge of the institution or his or her designated representative shall prepare and file the spontaneous fetal death (stillbirth) certificate. *Page 3 
We first address the question of whether La.R.S. 40:49(B) applies to spontaneously occurring stillbirths or only to fetal deaths due to induced termination of pregnancy as set forth in La.R.S. 40:48. The interpretation of any statute begins with the language of the statute itself. David v. Our Lady of the Lake, Inc., 02-2675 (La. 7/2/03), 849 So.2d 38, 46, citing SWAT24 Shreveport Bossier, Inc. v. Bond, 2000-1695 (La. 6/29/01),808 So.2d 294, 302. The language of subparagraph 40:49(B)(9) limits its application to "spontaneous fetal death," a phrase that is defined in the vital records laws as follows:
 "Spontaneous fetal death" (stillbirth) means the expulsion or extraction of a product of human conception resulting in other than a live birth and when the expulsion or extraction is not the result of an induced termination of pregnancy.
La.R.S. 40:32(16) (parenthetical in original). The definition of spontaneous fetal death specifically excludes an "induced termination of pregnancy."[1] The language of the statute itself, as well as the definitions cited above, makes it clear that La.R.S. 40:49(B)(9) only applies to spontaneous fetal deaths, and specifically excludes induced terminations of pregnancy (abortions).
As noted in your opinion request letter, however, paragraph A of Section 49 clouds our analysis by specifying that a funeral director "shall prepare and file the certificate of death or spontaneous fetal death or stillbirth provided forin R.S. 40:48." La.R.S. 40:49(A) (emphasis added). The reason for the confusion is that certificates of death and spontaneous fetal death are provided for in La.R.S. 40:47, not La.R.S. 40:48. Louisiana Revised Statutes 40:48 deals only with the reporting requirements for abortions, i.e., induced terminations of pregnancy.[2] Section 48 requires a death *Page 4 
certificate in the event that an abortion procedure results in live birth followed by a death, but one cannot fairly state that Section 48 "provides for" death certificates in the same manner that Section 47 provides for the compulsory filing of death certificates. There is no mention of certificates of spontaneous fetal death in La.R.S. 40:48, so there is no such thing as a "certificate of . . . spontaneous fetal death or stillbirth provided for in R.S. 40:48," as La.R.S. 40:49(A) appears to contemplate. Nor is there any mention of induced terminations of pregnancy or abortions in any of the seventeen paragraphs and subparagraphs of La.R.S. 40:49. It is thus apparent that the reference to La.R.S. 40:48 contained in La.R.S. 40:49(A) is the result of a clerical error.
If the reference to La.R.S. 40:48 set forth in La.R.S. 40:49(A) were to be applied literally, then Section 49 would only apply to abortions and abortion procedures resulting in a live birth followed by a death shortly thereafter. Such an interpretation leads to two equally repugnant results. First, most of the seventeen subparagraphs of La.R.S. 40:49 would be rendered meaningless because they have no application to abortions or abortion procedures resulting in a live birth. Second, there would be no provisions under the registry laws for certificates of death or spontaneous fetal death for deaths occurring under circumstances other than abortion procedures. The following passage provides guidance on resolving the inconsistency at issue:
 [S]tatutory provisions referring to a common subject are to be construed in such a fashion as to infuse them all with efficacy and meaning and in such a manner as will produce a unified and coherent import. As a general rule, the legislature does not enact vain and useless legislation. Staton v. Hutchinson, 370 So.2d 106 (La.App. 1st Cir. 1978). Judicial construction must aim to attribute reasonable meaning to an entire statutory framework and context. McGee v. Police Jury of Caddo Parish, 63 So.2d 153 (La.App. 2d Cir. 1953). Thus, statutory provisions are to be given effect wherever possible and if statutes can be reconciled by fair and reasonable interpretation this should be done. Fakier v. Picou, 166 So.2d 257 (La. 1964); Johnson v. Sewerage District No. 2 of Parish of Caddo, 120 So.2d 262 (La. 1960). *Page 5 
The construction of a particular statute which creates a statutory inconsistency should be avoided when an interpretation can be adopted which will not do violence to the plain words of an act. Legros v. Conner, 212 So.2d 177 (La.App. 3d Cir. 1968). Any construction that engenders a statutory conflict should be eschewed in favor of a construction which produces logical harmony and preserves the meaning and effectiveness of each statutory provision. Johnson v. Collector of Revenue, 165 So.2d 466 (La. 1964); Fruge v. Muffoletto, 137 So.2d 336 (La. 1962); City of New Orleans v. Board of Supervisors of Elections for Parish of Orleans, 43 So.2d 237 (La. 1949).
Johnston v. Morehouse Parish Police Jury,424 So.2d 1053, 1056-57 (La.App. 2 Cir.,1982). The only logical interpretation leads to the conclusion that the legislature intended to reference Section 47 in paragraph A of Section 49. As such, the seemingly erroneous reference to "R.S. 40:48" set forth in La.R.S. 40:49(A) does not affect our conclusion that subparagraph 49(B)(9) only applies to spontaneous fetal deaths, and specifically excludes induced terminations of pregnancy. We note, however, that our opinion alone is insufficient to correct the purported error in the statute and only the legislature can conclusively change the erroneous reference to Section 48.
Turning now to your second question, we consider whether La.R.S. 40:49(B) requires the involvement of a funeral director if the date of delivery occurs after 20 weeks gestation but the fetal demise occurred before 20 weeks. A funeral director is involved as the proper authority to prepare and file certificates of spontaneous fetal death in certain circumstances under La.R.S. 40:49. Your question can therefore be divided into two distinct issues. The first issue is whether a certificate of spontaneous fetal death must be prepared and filed if the date of delivery occurs after 20 weeks gestation but the fetal demise occurred before 20 weeks. If so, the second issue is whether the certificate of spontaneous fetal death should be prepared by a funeral director.
As seen in the statutes quoted above, Section 47 requires the preparation and filing of a certificate for "every death and every spontaneous fetal death except as noted in R.S. 40:49(B)(9)." La.R.S. 40:47(A). Louisiana Revised Statutes 40:49(B)(9) limits the requirement for preparation and filing of a certificate of spontaneous fetal death to fetuses "of 20 complete weeks gestation or more," or of "a weight of three hundred fifty grams or more."[3] La.R.S. 40:49(B)(9). The gestation period is measured "from the *Page 6 
date [that the] last normal menstrual period began to the date of delivery." Id. The actual date of the expiration of the fetus is therefore irrelevant to the determination of whether the certificate of spontaneous fetal death must be filed. Additionally, if the expired fetus weighs three hundred fifty grams or more, then the certificate must be filed regardless of the length of the gestation period.[4] Id.
We are mindful that modern science enables a physician to easily and accurately determine the gestation period, and that reliance on the delivery date may be archaic in light of the readily available technology. But we are unable to ignore the clear language *Page 7 
defining the length gestation period.
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
La.Civ.C. art. 9. A certificate of spontaneous fetal death must therefore be prepared and filed if the date of delivery occurs twenty weeks after the beginning date of the last normal menstrual period regardless of the actual date of the fetal demise. La.R.S. 40:49(B)(9).
Having reached the conclusion that a certificate of spontaneous fetal death must be filed when the fetus expires before twenty weeks but is not delivered until after twenty weeks, we turn to the issue of whether a funeral director must prepare and file that certificate. The general rule is that a "funeral director or person acting as such shall prepare and file the certificate of . . . spontaneous fetal death." La.R.S. 40:49(A).[5]The exception to this general rule can be found at subparagraph 49(B)(10), which applies "[w]hen a dead fetus is delivered in an institution." La.R.S. 40:49(B)(10). The term "institution" is defined in the registry laws as follows:
 "Institution" means any establishment, public or private, which provides inpatient medical, surgical, or diagnostic care or treatment or nursing, custodial, or domiciliary care, or to which persons are committed by the law.
La.R.S. 40:32(8). In such a case "the person in charge of the institution or his or her designated representative shall prepare and file the spontaneous fetal death (stillbirth) certificate." La.R.S. 40:49(B)(10). The use of the word "shall" indicates that the person in charge of the institution or his representative must prepare and file the certificate. Therefore, a funeral director has no authority to prepare or file a certificate of spontaneous fetal death if the expired fetus is delivered in an institution. If the delivery does not occur in an institution, then a funeral director is the only proper party to prepare and file the certificate of spontaneous fetal death. *Page 8 
In summary, and in direct answer to your questions, it is the opinion of this office that La.R.S. 40:49(B)(9) applies only to spontaneously occurring fetal deaths (stillbirths) and does not apply to induced terminations of pregnancy (abortions). This opinion is based on our conclusion that La.R.S. 40:49(A) refers to Section 48 in error. Only the legislature can definitively correct this erroneous reference. Furthermore, Louisiana Revised Statutes 40:49(B)(9) requires that a certificate of spontaneous fetal death be prepared and filed if the date of delivery occurs twenty weeks after the beginning date of the last normal menstrual period regardless of the actual date of fetal demise, and according to La.R.S. 40:49(A) and (B)(10) a funeral director is the proper authority to prepare and file said certificate only when the delivery does not occur in an institution, as defined in La.R.S. 40:32(8).
We trust that this opinion adequately responds to your request, and thank you for the opportunity to be of service. If you have any questions or comments, please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ Charles W. Belsom, Jr. Assistant Attorney General
 JDC:CWB:Irs
[1] Induced termination of pregnancy is also defined in the vital records laws:
 "Induced termination of pregnancy" (abortion) means the purposeful interruption of pregnancy with the intention other than to produce a live-born infant or to remove a dead fetus and if such interruption does not result in a live birth.
La.R.S. 40:32(7) (parenthetical in original).
[2] The relevant text of Louisiana Revised Statutes 40:48 is as follows:
 A. Whenever an abortion procedure results in a live birth, a birth certificate shall be issued certifying the birth of said born human being even though said human being may thereafter die. . . . In the event death does ensue after a short time, a death certificate shall be issued. Both the birth and the death certificates shall be issued in accordance with the provisions of this Part and of rules and regulations of the Department of Health and Hospitals.
 B. Each induced termination of pregnancy which occurs in this state shall be reported to the vital records registry within fifteen days by the person in charge of the institution in which the induced termination of pregnancy was performed. If the induced termination of pregnancy was performed outside an institution, the physician in attendance at or immediately after delivery shall prepare and file the report.
La.R.S. 40:48.
[3] We note that there is some ambiguity in the statutes over whether there should be a distinction between (1) the reporting of a spontaneous fetal death, and (2) the preparation and filing of a certificate of spontaneous fetal death. By their precise terms, Section 47 requires the preparation and filing ofcertificates of spontaneous fetal death, while Section 49(B)(9) only requires reporting of a spontaneous fetal death. It is arguable that there are two separate requirements: one for preparation and filing of a certificate for "every spontaneous fetal death except as noted in R.S. 40:49(B)(9)" under Section 49(A), and another for the reporting of spontaneous fetal deaths of twenty weeks gestation or of a weight of three hundred fifty grams or more under Section 49(B)(9). Under this interpretation, though, Section 47(A) would not require a certificate for a spontaneous fetal death that had to be reported by R.S. 40:49(B)(9). As a result, there would be a requirement for filing a certificate of spontaneous fetal death for fetuses of less than twenty weeks gestation and less than three hundred fifty grams by weight, while there would only be a report for spontaneous fetal deaths of twenty weeks gestation or of a weight of three hundred fifty grams or more.
The foregoing interpretation is ultimately not persuasive. It is counterintuitive that the more onerous requirement of a certificate of spontaneous fetal death would be imposed for a fetus of only a few weeks gestation, while the death of a fetus of forty weeks gestation would merely be reported. Also, the statutes reflect that filing a certificate is synonymous with reporting, and the two concepts are used interchangeably. For example, paragraph B of Section 47 refers to "spontaneous fetal death, required to be reported by this Section." There is no reporting requirement found in Section 47 other than the filing of a certificate of death or spontaneous fetal death provided for in Section 47(A). It follows that the filing of a certificate of spontaneous fetal death is synonymous with reporting the spontaneous fetal death.
Furthermore, the State Registrar for Vital Records and Statistics interprets the statute to require certificates of spontaneous fetal death of twenty weeks gestation or more, or of a weight of three hundred fifty grams or more. When the expired fetus is less than twenty weeks gestation and less then three hundred fifty grams by weight, no certificate or reporting is required. "[T]he interpretation of a statute by the agency charged with its administration over a long period of time is accorded great weight." La.Atty.Gen.Op. 93-790, citing State ex rel. Singelmann v.Morrison, 57 So.2d 238 (La.App.Orl. Cir.), writsdenied, (1952). It is a fundamental rule of statutory construction that statutes should be given a practical interpretation, and interpretations by local administrative officials familiar with the situation to which the statute is applied are presumed correct. La.Atty.Gen.Op. 77-605, citing 2A Sutherland,Statutory Construction, §§ 49.03-49.05 (1973 Ed.). We therefore adopt the interpretation set forth in the body of this opinion that Louisiana Revised Statutes 40:49(B)(9) limits the requirement for preparation and filing of a certificate of spontaneous fetal death to fetuses "of 20 complete weeks gestation or more," or of "a weight of three hundred fifty grams or more."[3]
La.R.S. 40:49(B)(9).
[4] For the remainder of this opinion, we will not repeat the requirement of a death certificate for a fetus weighing three hundred fifty grams or more, as the issue at hand concerns the gestation period and delivery date, rather than the weight of the fetus.
[5] The term "funeral director" is defined in the registry laws as follows:
 "Funeral director or person acting as such" is a licensed funeral director or embalmer as defined in R.S. 37:831 et seq. (sic) or persons acting under the authority of the state health officer in accordance with R.S. 40:5.
La.R.S. 40:32(6). There is currently no statute at La.R.S. 40:5.