GULOTTA, Judge.
This is an appeal by John M. Edwards from a judgment reversing and setting aside the decision of the St. John the Baptist Democratic Executive Committee which permitted him to be a candidate in the democratic primary election for a member of the School Board from School Election District No. 3 in that parish.
In seeking reversal of the trial court’s decision disqualifying him, Edwards contends that the court erred in concluding that he did not meet the residence requirements set forth in Article 8, § 1(a) of the Constitution of the State of Louisiana.[1]
Appellant further argues that the United States decision in the case of Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (March, 1972), has obviated the necessity of residence requirements in elections, and therefore, there are no longer any such requirements for one 'to be an elector.
In support of his argument that he has met the residence requirements, appellant asserts that he changed his residence from 308 Cardinal Street (Precinct 2, Ward 4) to LaPlace Trailer Court (Precinct 1, Ward 4) in March, 1971, and became a bona fide resident at the new address more than 15 months prior to qualifying as a candidate for the School Board.
Pretermitting for the moment the arguments raised by appellant, Edwards, we deem it advisable to dispose of the contentions raised by appellee. We do not agree with his argument seeking to have Edwards disqualified on the grounds that appellant’s failure to file an answer to the opposition within 48 hours before the Democratic Executive Committee was fatal and the Committee was without authority to conduct a hearing on the objections raised. Edwards, therefore, according to the ap-pellee, should have been disqualified by the Committee without a hearing.
The record reflects that appellant was absent from the state undergoing reserve military training from June 17, 1972, the day after he sought to effect his change of residence and the day after he qualified, *260 until his return on June 30, 1972. The Committee met on the next day, July 1, 1972. The trial judge properly concluded the Committee had the authority to conduct the hearing. The case of Prejean v. East Baton Rouge Parish Democratic Executive Committee, 206 La. 658, 19 So.2d 376, relied on by the trial judge, we feel is pertinent. The court in that case held that appellant cannot be estopped from seeking judicial review of the actions of the Committee. As in the instant case, the appellant had been away from the city and was not aware of the opposition filed before the Committee. Appellant’s failure to file an answer to the opposition under these facts and circumstances should not preclude the Committee from conducting the hearing nor estop the court from judicial review.
Further, we find we cannot consider appellee’s attempt to have Edwards disqualified on the grounds that the application for a change of party affiliation made by Edwards from Republican to Democrat on August 8, 1971, was fatally defective because of his failure to file a request in writing seeking the change as required in LSA-R.S. 18:270.204.[2] In this court, as he did in the trial court, one of the grounds on which appellee attempts to have Edwards disqualified is that an application for a change of party affiliation from Republican to Democrat made by Edwards on August 8, 1971 was fatally defective because of his failure to file a request in writing seeking the change as required by LSA-R.S. 18:270.204.
It appears this attempt was made for the first time in appellee’s petition to the district court and no such attempt was made in the objection to the candidacy filed with the Committee. If this is true, it would give rise to grave. doubts as to whether the courts have jurisdiction to consider this ground.[3] However, because the result would be the same in either case, we do consider and pass on that question.
The record reflects that subsequent to the change of party affiliation, Edwards voted in two separate democratic primary elections and in one general election. While no written request for the change was made by Edwards, we fail to understand how the appellant can be penalized for the possible error of the registrar. It is reasonable that a registrant or voter be permitted to rely on the registrar of voters to properly carry out the functions of his office.
The primary issue, and the one that is dispositive of this matter, is the objections relative to residence and registration requirements. It appears that when one changes his registration from one precinct to another in the same ward, he must meet two requirements. The first is that he be a bona fide resident of the precinct in which he offers to vote for three months before the next election. The second is that he change his registration in the registrar of voters office at any time prior to his filing of application of candidacy.
It is well supported by the record that Edwards was in fact a bona fide resi *261 dent of Precinct 1. He testified that he had moved from his residence on Cardinal Street to the trailer park 15 months before he changed his registration from Precinct 2 to Precinct 1. This was corroborated by Mack S. Reine, Sr., the owner of the trailer park. Reine exhibited an unidentified document showing that Edwards arrived at the trailer park on March 25, 1971. We find no error in the trial judge’s conclusion that the appellant was a bona fide resident of Precinct 1 for a period well in excess of three months prior to the next election.
We turn now to whether or not appellant timely filed with the registrar his application for change of residence. In this respect, the record reflects that Edwards made application for the change on June 16, 1972 at 10:00 a. m. He qualified as a candidate for the School Board on the same day within a short time thereafter (11:15 a. m.). The School Board election takes place on August 19, 1972. Under LSA-R.S. 18:270.606, one desiring to change his address from one precinct to another may do so prior to the closing of registration. The closing date for registration for the forthcoming election is July 19, 1972. We conclude that Edwards timely effected his change of residence in the registration office. Accordingly, he has met the requirements for a qualified elector and cannot be disqualified as a candidate for the School Board in District 3.
Because of the conclusion reached by this court, we are of the opinion that the case of Dunn v. Blumstein, supra, (which set aside Tennessee’s election law requirements of one year’s residency in the state and three months’ residency in a county as a prerequisite to voter registration in a presidential election) is not applicable. Were we of the opinion that Edwards failed to meet residency requirements, it might be necessary to consider the effect of the Dunn case on appellant’s failure.
Our decree was handed down this morning, prior to our opinion. For emphasis, we repeat that decree.
Accordingly, the judgment of the trial court is reversed. It is now ordered that the decision of the Democratic Executive Committee for St. John the Baptist Parish be reinstated and that John M. Edwards be certified as a candidate for the office of School Board Member, School Election District No. 3, in and for the Parish of St. John the Baptist, State of Louisiana. Costs to be paid by plaintiff-appellee.
Reversed and rendered.

. “(a) Residence. He shall have been an actual bona fide resident of the State for two years, of the parish one year, of the municipality in municipal elections four months, and of the precinct, in which he offers to vote, three months next precediny the election; * * * ” (emphasis ours)

. LSA-R.S. 18:270.204 reads in part:
However, any person may change Iris party affiliation by applying to the registrar, requesting in writing that the change be made. The registrar, upon such request, shall note the political party designated by the registrant in the proper column of the original application card. Such change of affiliation in his registration shall not permit the registrant to vote in any primary held by the political party to which he has changed his affiliation within six months of the change. During this period he may not vote in the primary held by the political party which he has renounced and abandoned. * * ” (emphasis ours)

. See LSA-R.S. 18:307 (A); State ex rel. Hinyub v. Parish Democratic Executive Committee, 173 La. 857, 863, 138 So. 862, 864; Melerine v. Democratic Parish Executive Committee, 164 La. 855, 859, 114 So. 711, 713.