GULOTTA, Judge.
In this suit objecting to the candidacy of Joseph Alexis for the office of Constable for the Justice of the Peace, the central issue is whether the candidate has met the residency requirement.
LSA-R.S. 13:2581.2, providing for the office of constable in the several parishes of the State, sets forth the following requirements for that office:
“A...
B. He shall be of good moral character, able to read and write the English language, and an elector and resident of the ward from which elected. He shall possess such other qualifications as are provided by law.”
The thrust of plaintiffs claim against defendant’s candidacy for constable in Ward 8 of Plaquemines Parish is that Joseph Alexis is a resident of Ward 9, Precinct 2, and, therefore, ineligible to run for the office in Ward 8.
After a trial on the merits, the trial judge dismissed plaintiff’s suit. We affirm.
Well settled is the rule that the burden of proof is upon the contestant who seeks to disqualify a candidate for public office based on failure to meet a residency or domicile requirement. See Charbonnet v. Hayes, 318 So.2d 917 (La.App. 4th Cir. 1975), writ denied 320 So.2d 201 (1975); Tomlinson v. Frazier, 407 So.2d 1385, 1390 (La.App. 4th Cir.1982) [concurring opinion], writ denied 410 So.2d 764 (La.1982).
Also well settled is the rule that, although a person may have only one domicile, he may have several residences. See LSA-C.C. Art. 38; LSA-R.S. 18:101(B); Hobbs v. Fireman’s Fund Am. Ins. Companies, 339 So.2d 28 (La.App. 3rd Cir.1976), writs denied 341 So.2d 896 (1977); Fielding v. Casualty Reciprocal Exchange, 331 So.2d 186 (La.App. 3rd Cir.1976), writ denied 334 So.2d 217 (1976).
Applying the facts in our case to these guidelines, we are led to conclude that plaintiff has failed to carry the burden of showing that defendant failed to meet the residency requirement.
Joseph Alexis testified that he has resided within Plaquemines Parish periodically in West Point-a-la-Hache, Happy Jack and Pilot Town. He stated that he had several residences throughout the parish. He stated also that when he qualified to run for constable he was a resident of Point-a-la-Hache, within the geographic bounderies of Ward 8. His testimony was corroborated by his brother, Douglas Alexis. •
It was stipulated that Alexis qualified on July 29,1983, the last day for qualifying for the office of Constable, and that he had changed his voter registration to a precinct in Ward 8 on July 28,1983. LSA-R.S. 18:110 of the Louisiana Election Code, dealing with Registration of Voters, pro *1348 vides that a registrant who changes his residence within the parish may change his registration at any time prior to the closing of registration without the necessity of re-registering. Alexis’ change of voter registration on the day preceding his qualifying for. office makes him an elector qualified to vote in Ward 8.
In Montegut v. St. John The Baptist Par. Em. Exec. Com., 265 So.2d 258 (La.App. 4th Cir.1972), writ refused 262 La. 971, 265 So.2d 616 (1972), a case not too dissimilar factually from the instant one, we held that a candidate met the requirement of being a qualified elector' where he had filed a change of residence with the Registrar of Voters at 10 a.m. on June 16, 1972, and qualified as a candidate for office at 11:15 a.m. on the same day.
The holdings in the cases cited[1] by plaintiff are not inconsistent with the conclusions reached in the instant case.
The evidence considered in light of the applicable jurisprudence, we conclude that plaintiff has failed to carry the burden of proof of showing that defendant did not meet the residency requirement to be a candidate for Constable for the Court of the Justice of the Peace in Ward 8, Plaque-mines Parish.
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.

. Soileau v. Board of Sup’rs, St. Martin Parish, 361 So.2d 319 (La.App. 3rd Cir.1978); Staton v. Hutchinson, 370 So.2d 106 (La.App. 1st Cir. 1978).