Dear Ms. Shirley:
Your letter of September 29, 1993 questions whether a vacancy is created in the elected office of justice of the peace where that official moves his residence outside the ward from which he was elected.
A vacancy may occur in an elective office when the person elected to or holding the office "no longer meets the residence or domicile requirements of the office, declaration of retention of domicile to the contrary notwithstanding". LSA-R.S.18:581(1). At first glance, it would appear that the provisions of LSA-R.S. 18:581(1) are invoked when an elected justice of the peace no longer resides in the ward from which he is elected. However, review of the statutes governing the elected position of justice of the peace reflects no residency criteria which would require this official to live within the territorial limits of his jurisdiction.
The qualifications for justice of the peace are set forth in LSA-R.S. 13:2582, providing in pertinent part:
 Each justice of the peace shall be of good moral character, a qualified elector, and able to read and write the English language correctly. Each shall possess such other qualifications as are provided by law. LSA-R.S. 13:2582(A); (Emphasis added).
This officer's mandatory status as a "qualified elector" merely means that he must be an actual bona fide resident of this state, and the parish, municipality, and precinct in which he offers to register to vote. LSA-R.S. 18:101(A). His status as "qualified elector" does not bind him to reside in a particular precinct for purposes of his eligibility as a candidate to validly hold the office of justice of the peace.
In contrast, the legislature has clearly placed a residency requirement upon an individual who seeks to hold the office of constable. LSA-R.S. 13:2583 provides in pertinent part:
 There shall be one constable for the court of each justice of the peace in the several parishes of the state, who shall be of good moral character, able to read and write the English language, and an elector and resident of the ward from which elected. He shall possess such other qualifications as are provided by law. (Emphasis added). LSA-R.S. 13:2583(A).
Because there is no residency provision requiring a candidate for the office of justice of the peace to reside within the ward which he represents, this office is of the opinion that a vacancy is not created by virtue of his change of residence. Further, the Louisiana Constitution of 1974 does not retain the requirement that a person be a "duly qualified elector of the State, district, parish municipality or ward, wherein the functions of said office are to be performed". LSA-Const. Art. 8, Section 13 (1921).
It is suggested that the legislative amendment will be necessary in order to cure any ambiguity concerning the residency requirements of the office of justice of the peace. Although we find no residency requirement in the instant matter, note that any doubt regarding the domicile (or residence) of a candidate should be resolved in favor of permitting the candidate to run for (and further retain) public office. See Slocum v. DeWitt,374 So.2d 755 (La.App. 3rd. Cir. 1979). Finally, note that the jurisprudence recognizes that an individual may have several residences. See Turner v. Alexis, 436 So.2d 1346 (La.App. 4th Cir. 1983).
We hope the foregoing is helpful to you. Should you have other inquiries in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ 93-711