Dear Mr. Kraemer:
Your request for an Attorney General's opinion has been forwarded to me for research and reply.
Specifically, you ask whether you can serve as Chairman of the Morgan City Municipal Fire and Police Civil Service Board while also serving on your parish drainage district board?
This issue was previously addressed in Attorney General Opinion Number 01-24. In that opinion it was opined that members of municipal fire and police civil service boards are prohibited by La.R.S. 33:2476(c)(I) from holding "any other public office." Further, "public office" was defined by La.R.S. 42:1 as, "any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state."
Based on these statutes, it appears that you are prohibited from serving on the Morgan City Municipal Fire and Police Civil Service Board while also serving on the parish drainage district board which is another "public office" according to La.R.S. 42:1. These two statutes are reproduced in pertinent part for your review.
 La.R.S. 33:2476. Municipal fire and police civil service boards
 (c)(I) No member of a board shall be a candidate for nomination or election to any public office or hold any other public office or position of public employment except that of notary public, a military or naval official office, or that of a municipal fire or police department which is expressly required by the provisions of this Part.
 La.R.S. 42:1 Public office defined
 As used in this title, the term "public office" means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
Also attached for your review is Attorney General Opinion Number 01-24.
We trust we have answered your question. However, if anything further is needed do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ________________________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
RPI:FJP;sc
Attachment
DATE RECEIVED: 12-23-02 B.R.
DATE RECEIVED: 01-08-03 SH
DATE RELEASED: February 28, 2003
OPINION NUMBER 92-342
RELEASED JUNE 11, 1992
77 — OFFICERS — Local Municipal 78 — OFFICERS — Dual Office Holding R.S. 42:62; R.S. 42:63(E); R.S. 33:132.
The position of local planning commission member is a part-time local appointive office, and the position of member of a parish sewage and water board is also a part-time local appointive office. LSA-R.S. 42:62. A person holding two part-time local appointive offices simultaneously is permitted by the dual-office holding statute. LSA-R.S. 42:63(E).
Senator Gerry Hinton 2549 Carey Street Slidell, LA 70458
Dear Senator Hinton:
We are in receipt of your opinion request dated May 13, 1992 directed to Attorney General Richard P. Ieyoub. The opinion request has been assigned to me for research and reply.
The issue raised in your request calls for a determination of whether there is any legal prohibition preventing a person from simultaneously holding the position of commission member of the New Orleans Regional Planning Commission, and the position of member of the St. Tammany Parish sewage and water board. The position of local planning commission member is a part-time local appointive office, and the position of member of a parish sewage and water board is also a part-time local appointive office.
We are aware of language in LSA-R.S. 33:132 which states that a planning commission member ". . . shall hold no other public office". Application of this statute would presumably make this dual-office arrangement unlawful. However, with the enactment of Act 700 of 1979 (LSA-R.S. 43:61, et. seq.), all older laws relating to dual-office holding and dual-employment were generally repealed. Because there has been no subsequent amendment to LSA-R.S. 33:132(A) which would reactivate its terms, we are of the opinion that this provision has also been repealed. See Attorney General Opinion Number 86-455, a copy of which is attached.
A determination of whether a simultaneous holding of the two positions discussed here might be considered unlawful must now be measured under the provisions of Act 700 of 1979, regulating dual-office holding and dual-employment. The pertinent provision is contained in LSA-R.S.42:63(E), which states:
 "No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these."
The situation as presented in your request does not violate the dual-office holding law. A person holding two part-time local appointive offices simultaneously is permitted by the statute. LSA-R.S. 42:63(E).
We hope this interpretation of the law is helpful to you. Should you have further questions, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ______________________ KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ams 0080E
OPINION NUMBER 90-521
November 13, 1990
71-1-1 MUNICIPAL FIRE POLICE CIVIL SERVICE
A member of the Westwego Civil Service Board cannot be employed by the parish, be a member of the zoning board, or a reserve deputy for the sheriff's office since each is either public employment or public office. R.S. 33:2536 Mr. Dennis M. Melancon Westwego Fire Police Civil Service Board P.O. Box 367 Westwego, LA. 70094
Dear Mr. Melancon:
This office is in receipt of your request for an opinion of the Attorney General. Your questions pertain to the eligibility of certain members of the City of Westwego Fire and Police Civil Service Board to serve on the Board.
The specific statutory provision that is pertinent to your inquiry depends upon the population of Westwego which we understand is near 13,000. If the population is over 13,000, R.S. 33:2476 (B) applies, whereas if under 13,000, we must look to R.S. 33:2536 (C). However, both contain a similar provision. Under each a fire and police civil service board is created, and along with certain requirements for eligibility for appointment to the board, it is provided as follows:
 No member of the board shall be a candidate for nomination or election to any public office or hold any other public office or position of public employment, except that of notary public, a military or naval official office, or that of a municipal, * * * fire or police department which is expressly required by the provisions of this Part.
It is in light of this prohibition that you inquire about the eligibility of certain members of the Board. Two members of the Board are employees of the Jefferson Parish Inspection and Code Enforcement Department; a member of the Board is also a member of the City of Westwego Zoning Board; and finally, you are a Reserve Deputy for the Jefferson Parish Sheriff's Office.
It is clear under the statutory provisions that a member of the Board cannot be in "public" employment. Accordingly, it must be concluded that those persons employed by the Jefferson Parish Inspection and Code Enforcement Department are not qualified for service on the Board.
We find this conclusion consistent with opinions of this office holding individuals employed as an advisor to the Mayor of Kenner, a high school principal or employee of the U.S. post office, could not serve on the municipal fire and police civil service board, Atty. Gen. Op. No. 87-46, 83-595, 82-976.
While the position as a member of the Westwego Zoning Board is not compensated, we do not believe compensation is controlling in determining whether an individual holds "public office" and would thereby be prohibited from being a member of the municipal fire and police civil service boards. Although the statute does not define "public office", we find it pertinent that the statute only excepts a notary public, or military or naval official. Consequently, we feel if notary public is considered "public office", that term must be given a broad meaning. It would include not only public officers of the state, but anyone in a position that is elected or appointed in parishes, municipalities, special districts or political subdivisions under provisions of law. This is consistent with the definition of public office set forth in R.S. 14:2
(9).
Based upon this reasoning, we must conclude that an individual cannot serve on the municipal fire and police civil service board if a member of another board in public government such as the Westwego Zoning Board. Of course, he may resign from the Zoning Board and remain with the Civil Service Board if he should so desire.
Another inquiry is whether the position as a reserve deputy with the parish sheriff's office by an individual employed by the fire department prevents service on the civil service board.
We find no difficulty in concluding that this is not public employment since no compensation is received for the service. However, the more complex question is if this is prohibited as a public office.
We believe inasmuch as the reserve deputy is appointed by the sheriff to perform all the duties of a deputy sheriff along with the power of a full time paid deputy sheriff, this is a public office. This conclusion is fortified by earlier opinions. In Attorney General Opinion, 1946-48 p. 987, it was recognized the special deputies have the same authority as a regular paid deputy by the taking and recordation of the oath, and the sheriff is responsible for their official acts to the same extent as any other deputy. As noted by this office in another earlier opinion the designation as "auxiliary" deputy is simply a classification used by the sheriff indicating that such deputy serves without pay, but it was concluded, "This does not change the nature of a validly appointed deputy sheriff." Atty. Gen. Op., Oct. 19, 1973. These special deputies undergo training, are insured and bonded as the paid deputies, and have the same powers.
Since the special deputies must be considered a public office and not within the exception of the statute as a regular employee of a municipal, parish or fire protection district fire or police department "which is expressly required" for a board member, it falls within the prohibition that no member of the board shall hold any other public office.
You point out that all employees of the City of Westwego Fire Department are also members of the Westwego Volunteer Fire Company Number One and ask if their eligibility is in question.
We find no problem with this situation since we are informed the members of the volunteer fire department do not have to take oaths, be bonded or publicly insured. Consequently, we do not feel this can be considered having a public office within the provisions of the statute.
Finally, you ask if there are members of the Board who are ineligible, what steps are to be taken.
In accordance with Lehmann v. Musgrave, 374 So.2d 1284 (La.App. 1979), which involved a civil service board member becoming a candidate for public office, the Court held by the candidacy "a board member vacates his board membership." It was found it disqualifies him as a board member and is equivalent to a resignation. With analogy to the dual officeholding statute, the Court construed the acceptance of a second office as vacating the first.
Based upon the reasoning of the Court that holding a prohibited position disqualifies a board member and constitutes a vacancy, it would follow attention must be given to the provisions of R.S. 33:2536 (E) relative to a vacancy. Therein it states another member shall be appointed in the same manner as the outgoing member was appointed within ninety days after the vacancy occurs.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR:atb
cc: Thomas M. Willmott, Esq. 3016 19th St. Ste. B Metairie, LA. 70002
OPINION NUMBER 01-24
February 8, 2001
28-A ElectionsR.S. 33:2476; R.S. 18:101(B)
Member of the Houma Fire and Police Civil Service Board may not hold another appointed office with the regional planning commission. He must also be a qualified voter of the municipality of Houma at the time of his appointment, and if he is lacking this qualification, he is ineligible to serve.
Honorable Joseph L. Waitz, Jr. District Attorney 7856 Main Street Courthouse Annex Suite 220 Houma, LA 70360
Dear Mr. Waitz:
Your questions concern the status of a member of the Houma Municipal Fire and Police Civil Service Board. This member is governed by the provisions of R.S. 33:2476, which pertinently provide:
 A. A municipal fire and police civil service board is created in the municipal government. the board shall be composed of five members who shall serve without compensation. The board shall have a chairman, vice-chairman, and a secretary. The domicile of the board shall be in the municipality it serves.
**********
 (c)(i) No member of a board shall be a candidate for nomination or election to any public office or hold any other public office or position of public employment, except that of notary public, a military or naval official office, or that of a municipal fire or police department which is expressly required by the provisions of this Part.
 (ii) However, a member of the Municipal Fire and Police Civil Service Board of the city of Houma may hold a position of public employment if said position of public employment is not with the city of Houma.
While the law permits this board member to concurrently hold a position of public employment other than with the city of Houma, the law prohibits him from holding "any other public office". "Public office" is defined as "any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state." See R.S. 42:1. Thus, this civil service board member may not also serve as appointed member of the Houma-Terrebonne Regional Planning Commission. See R.S. 33:132, which establishes the regional planning commission and its membership. See also Attorney General Opinion 90-521 (declaring that an individual who served on the city of Westwego Zoning Board could not legally serve as member of the City of Westwego Fire and Police Civil Service Board); see also Attorney General Opinion 92-342 (for general authority defining the position of regional planning commissioner as a part-time appointive office). Your board member must resign from one of these positions, as he cannot legally continue to hold both positions because of the prohibition of law.
You also seek our review of this member's eligibility for service at the time of his appointment to the civil service board, based upon the statutory requirement that he be a "qualified voter of the municipality" at the time of his appointment. R.S. 33:2476B provides:
 B. (1)(a) To be eligible for appointment or to serve as a member of a board, a person shall be a citizen of the United States of America, a resident of the municipality in which he is to serve for at least five years next preceding his appointment, and, at the time of his appointment, shall be a qualified voter of the municipality.
Application of the statute to the matter at hand indicates that this board member must have been a resident of Houma for at least five years "next preceding his appointment", and that he be a "qualified voter" of Houma at the time of his appointment.
Concerning the establishment of a residence in general, note that a person may have several residences, and only one domicile. See Turnervs. Alexis, 436 So.2d 1346 (La.App. 4th Cir. 1983). There must be actual physical use or occupation of a place for living purposes, along with an intent to reside there, in order for a bona fide residence to be established. See Williamson vs. Village of Baskin, 339 So.2d 474
(La.App. 2nd Cir. 1976); writ den., 341 So.2d 1126 (La. 1977).
There is no minimal time period for establishing residence for voting purposes, but once a residence is established, a person is eligible to register pursuant to R.S. 18:101(B), providing:
 B. For purposes of the laws governing voter registration and voting, "resident" means a citizen who resides in this state and in the parish, municipality, if any, and precinct in which he offers to register and vote, with an intention to reside there indefinitely. If a
C.
 citizen resides at more than one place in the state with an intention to reside there indefinitely, he may register and vote only at one of the places at which he resides. However, if a person claims a homestead exemption, pursuant to Article VII, Section 20 of the Constitution of Louisiana, on one of the residences, he shall register and vote in the precinct in which that residence is located. For purposes of voter registration and voting, the residence of a married woman shall be determined in the same manner as is required for any other citizen. A citizen of this state shall not be or remain registered or vote in more than one place of residence at any one time.
If in fact this board member was not registered to vote within the municipality of Houma at the time of his appointment, then he would not be considered a "qualified voter of the municipality" as required by R.S, 33:2476B. Thus, his appointment would be considered invalid.
Having said the foregoing, please note that this office is not the trier of fact. We are limited to providing interpretations of existing state law. Factual conclusions drawn in a particular case are within the authority of a court of law.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date received: Date released: February 8, 2001