JOHNSON, J.,
dissents with reasons.
| J, respectfully, dissent from the majority opinion that Mona R. Joseph failed to properly declare her party affiliation on her notice of candidacy, which required her disqualification from the election for district court judge for Division “B” in St. John the Baptist Parish, for the following reasons.
It is my position that the majority opinion is incorrect in holding that “Ms. Joseph incorrectly listed her. party affiliation on her qualifying papers, creating an error in material information that is required by law to be accurate so that balloting can be properly published by the Secretary of State in the voting booths.” According to the evidence presented at trial, Ms. Joseph certified as to the same party affiliation, Democrat, that the databases for the Louisiana Secretary of State and local registrar of voters indicated as her registered political party.
Ms. Joseph testified that she changed her party affiliation to the Democratic party with the registrar of voters; however, she did not know exactly when it was done. She further testified that she has always voted as a Democrat. Ms. Joseph also submitted a printout from the Louisiana Secretary of State’s website indicating that she is a Democrat. After reviewing the evidence, I |2conclude that the change to Ms. Joseph’s party affiliation occurred pri- or to the submission of her notice of candidacy qualifying form on August 22, 2014 at 4:27p.m. through the corroborations of the testimonies of Janet Kavanaugh, the Elections Supervisor for the Clerk of Court for the 40th Judicial District Court, and Brandie Williams, a deputy clerk of court for the same district.
Ms. Kavanaugh testified the clerks use a system called ERIN[5], which contains information supplied directly by the registrar of voters, to transmit a candidate’s information to the Louisiana Secretary of State for qualifying purposes upon completion of the digital notice of candidacy form. She stated that, when a candidate’s name is entered into ERIN, the system auto-populates fields for the form with information provided from his or her voter’s registration. Ms. Kavanaugh also testified that, if an automatically populated field in ERIN does not match a field on the handwritten notice of candidacy form submitted *320 by the candidate, then the candidate would be required to correct the discrepancy with the registrar of voters before a change could be reflected in ERIN. In addition, Ms. Williams testified that ERIN auto-populates fields for the digital notice of candidacy form. When directly questioned by the trial court as to whether the political party designation is auto-populated, Ms. Williams replied, “Yes.”
Ms. Joseph’s certified notice of candidacy printed from ERIN indicates that her party affiliation is with the Democratic party. By way of the procedure attested to by Ms. Kavanaugh and Ms. Williams, Ms. Joseph’s party affiliation listed on her notice of candidacy had to have been her registered party affiliation with the registrar of voters because the registrar of voters is the source of the voter information for ERIN. There was no argument or controverting evidence | presented at trial to refute that the information automatically populated in ERIN or the testimony of Ms. Kavanaugh as to the procedure for discrepancies between ERIN and the handwritten notice of candidacy form was correct. Thus, Ms. Joseph certified her political affiliation on the notice of candidacy as to the same information reflected in the registrar of voters’ system at the time she qualified as a candidate. The voters’ registration card, which was signed in 1995, was not indicative of Ms. Joseph’s party affiliation at the time she certified her notice of candidacy and should not be given any weight. Therefore, there was no error on Ms. Joseph’s certified notice of candidacy form regarding her political affiliation that required correction, which means that she timely complied with the qualifications of the candidacy for district court judge.
In addition, I find that Ms. Joseph’s testimony concerning her change in party affiliation and voting history sufficient to find that she was registered as a Democrat. In Montegwt v. St. John the Baptist Parish Democratic Executive Comm., 265 So.2d 258, 260 (La.Ct.App.1972), writ refused, 262 La. 971, 265 So.2d 616 (1972), the court found that the formality of filing a written request to change party affiliations does not necessitate the disqualification of the candidate. In refusing to adopt the position of the appellee, which is similar to the position set forth by Melanie Trosclair, the court held,
Further we find we cannot consider ap-pellee’s attempt to have Edwards disqualified on the grounds that the application for a change of party affiliation made by Edwards from Republic to Democrat on August 8, 1971, was fatally defective because of his failure to file a request in writing seeking the change as required in LSA-R.S. 18:270.204[6]. In this court, as he did in the trial court, one of the grounds on which appellee attempts to have Edwards disqualified is that an application for a change of party affiliation from Republican to Democrat made by Edwards on August 8, 1971 was fatally defective because of his failure to file a request in writing seeking the change as required by LSA-R.S. 18:270.204.
[[Image here]]
The record reflects that subsequent to the change of party affiliation, Edwards voted in two separate democratic primary elections and in one general election. While no written request for the change was made by Edwards, we fail to understand how the appellant can *321 be penalized for the possible error of the registrar. It is reasonable that a registrant or voter be permitted to rely on the registrar of voters to properly carry out the functions of his office.
[Emphasis added], [Footnote added to original].
Here, Ms. Joseph testified that she changed her party affiliation with the registrar of voters. This evidence, coupled with the uncontroverted testimony that she has always voted as a Democratic, leads me to the same conclusion as the Montegut court that Ms. Joseph should not be penalized for the possible error (failure to change Ms. Joseph’s party affiliation upon request) of the registrar of voters.
Even assuming arguendo that Ms. Joseph had not changed her party affiliation prior to certifying her notice of candidacy form, I would still be of the opinion that she met the qualifications of the election.
La. R.S. 18:463(A)(l)(a) provides,
A notice of candidacy shall be in writing and shall state the candidate’s name, the office he seeks, the address of his domicile, and the parish, ward, and precinct where he is registered to vote. The candidate shall list on the notice of candidacy the name of the political party if he is registered as being affiliated with a recognized political part, “other” if he is registered as being affiliated with a political party that is not a recognized political party, or “no party” or an abbreviation thereof if he is registered with no political party affiliation. No candidate shall change or add his political party designation, for purposes of printing on the election ballot as required by R.S. 18:551(D), after he has qualified for the election.
[Emphasis added].
According to La. R.S. 18:18(A)(2), the Louisiana Secretary of State has the authority to assist the registrars of voters of the state with respect to matters pertaining to the registration of voters.
liiMs. Joseph filed a notice of candidacy form that was transmitted by the Clerk of Court to the Louisiana Secretary of State’s office through ERIN. That form listed Ms. Joseph’s political affiliation with the Democratic party. I find that Ms. Joseph’s submission of her notice of candidacy was her written declaration of a change from no party affiliation to the Democratic party. Her change in party affiliation was simultaneously submitted to the Secretary of State with her notice of candidacy. La. R.S. 18:463 prohibits a change to the party affiliation after a candidate has qualified for an election; however, it does not prohibit a change made prior to or simultaneously with the qualification. Since the registrar of voters is not given the authority to deny a request to change party affiliation, I conclude that Ms. Joseph’s change in party affiliation occurred when her intent to change was submitted through her notice of candidacy.
Since the laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy and any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office, I am of the opinion that Ms. Joseph should be allowed to run in the election. See, Russell v. Goldsby, 00-2595 (La.9/22/00); 780 So.2d 1048, 1051. I find that disqualifying Ms. Joseph on the basis of a change in her political party is an absurd result.
For the foregoing reasons, I would reverse the trial court’s ruling disqualifying Mona R. Joseph from the November 4, 2014 election for district court judge for St. John the Baptist Parish.

. The clerk did not testify as to the what the acronym "ERIN” means.

. La. R.S. 18:270.204 is the former statute concerning the change to a party affiliation. The current law is found in La. R.S. 18:107. However, the finding in Montegut can also be applied to La. R.S. 18:107.