REDMANN, Judge.
A registered voter appeals from the dismissal of his action to disqualify a candidate for police juror. Plaintiff relies upon La. R.S. 33-2536 B’s provision that “No member of a [fire and police civil service] board shall be a candidate for nomination or election to any public office . . ..” [1]
Plaintiff argues that the effect of that statute is that a board member is disqualified to be a candidate. We hold, as did the trial judge, that the effect is that by becoming a candidate a board member vacates his board membership.[2]
Unlike La.R.S. 42:39, which expressly declares “null” a judge’s candidacy for nonjudicial office (except after previous resignation as judge), R.S. 33:2536 B merely prohibits that a board member be a candidate, as its previous sentence prohibits that a board member shall have belonged to a political party committee during- the six months prior to board membership. R.S. 33:2536 B begins “To be eligible for appointment or to serve as a member of a board,” thus indicating that it deals rather with qualification for that office rather than for others. Its prohibition of prior political' activity of logical necessity can not annul any such earlier political activity, but instead disqualifies the recent political activist from board membership. We similarly interpret its following sentence in context: a board member’s becoming a candidate disqualifies him as a board member and is the equivalent of a resignation.
We view the statute as like one prohibiting dual officeholding. It declares one may not be both board member and candidate, just as the dual officeholding statute declares one may not hold two offices. The dual officeholding prohibition construes acceptance of the second office as a vacating of the first; State v. Bain, 1914, 135 La. 776, 66 So. 196 (jury commissioner held to have vacated office by accepting another); State v. Dellwood, 1881, 33 La.Ann. 1229 (other officeholder held to have vacated office by accepting that of jury commissioner).[3] In our view R.S. 33:2536 B operates similarly by vacating a board member’s office upon his becoming a candidate, and not by preventing his candidacy for another office.
Affirmed.

.B. To be eligible for appointment or to serve as a member of a board, a person shall be a citizen of the United States of America, a resident of the area for which fire or police protection is provided for at least five years next preceding his appointment, and shall at the time of his appointment, be a qualified voter of the said area. Any employee while serving as a member of a board shall occupy as a regular employee a position or office lower than that of chief, assistant chief, district chief or battalion chief of his department. No member of a board shall have been, during a period of six months immediately preceding his appointment, a member of any local, state or national committee of a political party, or an officer or member of a committee in any factional political club or organization. No member of a board shall be a candidate for nomination or election to any public office of hold any other public office or position of public employment, except that of notary public, a military or naval official office, or that of a municipal, parish or fire protection district, fire or police department which is expressly required by the provisions of this Part.

. The method for establishing that a vacancy has occurred is not before us. Possibly pertinent, as in pari materia, are §§ 2536H and 2567.

. The state statute obviously cannot vacate a federal office, however, and the attempted acceptance of a state office by one holding a federal office is simply ineffective because the disqualification remains; State ex rel. Wimberly v. Barham, 1931, 174 La. 488, 137 So. 862.