Dear Captain Taylor:
You advise this office that you serve as a member of the Fire Civil Service Board for the St. Tammany Fire Protection District #4. You ask whether you may also work on a part-time basis for the Third District Volunteer Fire Department in River Ridge, Louisiana. Additionally, you would like to work on a part-time basis for St. Tammany Parish Fire District #3 in Lacombe, Louisiana.
Our response is governed by R.S. 33:2536(A) and (B)(2)(c), which provides:
 § 2536. Fire and police civil service boards
 A. A fire and police civil service board is hereby created in the municipal, parish, or fire protection district which shall be composed of five members who shall serve without compensation. This board shall have a chairman, vice-chairman and a secretary. The domicile of the board shall be within the area it serves.
 * * * * *
 (c) No member of a board shall be a candidate for nomination or election to any public office or hold any other public office or position of public employment, except that of notary public, a military or naval official office, or that of a municipal, parish, or fire protection district fire or police department which is expressly required by the provisions of this Part.
The statute quoted above provides that a member of the Board cannot hold "public" employment. This office has previously determined that members of a volunteer fire department are not considered as holding public office or employment as contemplated by the statute. See Attorney General Opinion 90-521, copy attached.
However, your continued employment with St. Tammany Fire Protection District #3 is problematic. Despite the fact that your employment there is part-time, it is nonetheless "public employment" as prohibited by R.S. 33:2536(B)(2)(c) quoted above. Only the employee-members of the civil service board from the fire and police departments may hold public employment, and "then only their regular employment in the fire or police department." See Attorney General Opinion 78-1286, copy attached.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 78-1286
October 10, 1978
 Syllabus
9 — Civil Service 78 — Officers — Dual Office-Holding 71-1-1 Municipal Fire Police Civil Service R.S. 33:2476
Member of municipal fire police civil service board may not be employed at same time by municipality as special police officer.
Honorable Michael A. Ranatza Chief of Police City of Harahan 6425 Jefferson Highway Harahan, Louisiana 70123
Dear Chief Ranatza:
Your opinion request addressed to the Attorney General has been referred to me for handling.
You inquire whether there is a prohibition in state law against a member of the Harahan Fire and Police Civil Service board serving at the same time as a special police officer for Harahan.
R.S. 33:2476, setting out the qualifications for membership on a fire and police civil service board, provides in pertinent part:
 "No member of a board shall . . . hold any other public office or position of public employment, except that of notary public, military or naval official office, or that of a municipal fire or police department which is expressly required by the provisions of this Part."
In our opinion, only the employee members of the civil service board from the fire and police departments may hold public employment, and then only their regular employment in the fire or police department. No member may hold special or non-regular employment in the government of Harahan, e.g. as a special police officer.
Should you have any further questions about the municipal fire and police civil service law (R.S. 33:2471, et seq.) we suggest you contact the office of the State Examiner of Municipal Fire and Police Civil Service, who is charged by statute with serving as advisor about the fire and police civil service law. R.S. 33:2479.
His name and address are:
 Maxie E. Cox Suite 300 Parkview Office Building 4664 Jamestown Ave. Baton Rouge, Louisiana 70808
If we can be of any further assistance to you please do not hesitate to contact us.
 WILLIAM J. GUSTE, JR. Attorney General
 By: ____________________________ DONALD ENSENAT Assistant Attorney General
DE:gs
OPINION NUMBER 90-521
November 13, 1990
71-1-1 MUNICIPAL FIRE POLICE CIVIL SERVICE
A member of the Westwego Civil Service Board cannot be employed by the parish, be a member of the zoning board, or a reserve deputy for the sheriff's office since each is either public employment or public office. R.S. 33:2536
Mr. Dennis M. Melancon Westwego Fire Police Civil Service Board P.O. Box 367 Westwego, LA. 70094
Dear Mr. Melancon:
This office is in receipt of your request for an opinion of the Attorney General. Your questions pertain to the eligibility of certain members of the City of Westwego Fire and Police Civil Service Board to serve on the Board.
The specific statutory provision that is pertinent to your inquiry depends upon the population of Westwego which we understand is near 13,000. If the population is over 13,000, R.S. 33:2476 (B) applies, whereas if under 13,000, we must look to R.S. 33:2536 (C). However, both contain a similar provision. Under each a fire and police civil service board is created, and along with certain requirements for eligibility for appointment to the board, it is provided as follows:
 No member of the board shall be a candidate for nomination or election to any public office or hold any other public office or position of public employment, except that of notary public, a military or naval official office, or that of a municipal, * * * fire or police department which is expressly required by the provisions of this Part.
It is in light of this prohibition that you inquire about the eligibility of certain members of the Board. Two members of the Board are employees of the Jefferson Parish Inspection and Code Enforcement Department; a member of the Board is also a member of the City of Westwego Zoning Board; and finally, you are a Reserve Deputy for the Jefferson Parish Sheriff's Office.
It is clear under the statutory provisions that a member of the Board cannot be in "public" employment. Accordingly, it must be concluded that those persons employed by the Jefferson Parish Inspection and Code Enforcement Department are not qualified for service on the Board.
We find this conclusion consistent with opinions of this office holding individuals employed as an advisor to the Mayor of Kenner, a high school principal or employee of the U.S. post office, could not serve on the municipal fire and police civil service board, Atty. Gen. Op. No. 87-46, 83-595, 82-976.
While the position as a member of the Westwego Zoning Board is not compensated, we do not believe compensation is controlling in determining whether an individual holds "public office" and would thereby be prohibited from being a member of the municipal fire and police civil service boards. Although the statute does not define "public office", we find it pertinent that the statute only excepts a notary public, or military or naval official. Consequently, we feel if notary public is considered "public office", that term must be given a broad meaning. It would include not only public officers of the state, but anyone in a position that is elected or appointed in parishes, municipalities, special districts or political subdivisions under provisions of law. This is consistent with the definition of public office set forth in R.S. 14:2
(9).
Based upon this reasoning, we must conclude that an individual cannot serve on the municipal fire and police civil service board if a member of another board in public government such as the Westwego Zoning Board. Of course, he may resign from the Zoning Board and remain with the Civil Service Board if he should so desire.
Another inquiry is whether the position as a reserve deputy with the parish sheriff's office by an individual employed by the fire department prevents service on the civil service board.
We find no difficulty in concluding that this is not public employment since no compensation is received for the service. However, the more complex question is if this is prohibited as a public office.
We believe inasmuch as the reserve deputy is appointed by the sheriff to perform all the duties of a deputy sheriff along with the power of a full time paid deputy sheriff, this is a public office. This conclusion is fortified by earlier opinions. In Attorney General Opinion, 1946-48 p. 987, it was recognized the special deputies have the same authority as a regular paid deputy by the taking and recordation of the oath, and the sheriff is responsible for their official acts to the same extent as any other deputy. As noted by this office in another earlier opinion the designation as "auxiliary" deputy is simply a classification used by the sheriff indicating that such deputy serves without pay, but it was concluded, "This does not change the nature of a validly appointed deputy sheriff." Atty. Gen. Op., Oct. 19, 1973. These special deputies undergo training, are insured and bonded as the paid deputies, and have the same powers.
Since the special deputies must be considered a public office and not within the exception of the statute as a regular employee of a municipal, parish or fire protection district fire or police department "which is expressly required" for a board member, it falls within the prohibition that no member of the board shall hold any other public office.
You point out that all employees of the City of Westwego Fire Department are also members of the Westwego Volunteer Fire Company Number One and ask if their eligibility is in question.
We find no problem with this situation since we are informed the members of the volunteer fire department do not have to take oaths, be bonded or publicly insured. Consequently, we do not feel this can be considered having a public office within the provisions of the statute.
Finally, you ask if there are members of the Board who are ineligible, what steps are to be taken.
In accordance with Lehmann v. Musgrave, 374 So.2d 1284 (La.App. 1979), which involved a civil service board member becoming a candidate for public office, the Court held by the candidacy "a board member vacates his board membership." It was found it disqualifies him as a board member and is equivalent to a resignation. With analogy to the dual officeholding statute, the Court construed the acceptance of a second office as vacating the first.
Based upon the reasoning of the Court that holding a prohibited position disqualifies a board member and constitutes a vacancy, it would follow attention must be given to the provisions of R.S. 33:2536 (E) relative to a vacancy. Therein it states another member shall be appointed in the same manner as the outgoing member was appointed within ninety days after the vacancy occurs.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR:atb
cc: Thomas M. Willmott, Esq. 3016 19th St. Ste. B Metairie, LA. 70002