Dear Mr. Durand:
In response to your recent inquiry, please note that general law provides that a constable may not hold the full-time appointed position of deputy sheriff, nor may a constable hold the full-time position of deputy sheriff in another parish. The Dual Officeholding and Dual Employment Laws, R.S. 42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
However, there is a provision in the law which, if applicable, would exempt you from the prohibition above. R.S. 42:66(L)(2)(a) provides:
 2(a). Nothing in this Part shall be construed to prohibit a deputy sheriff from holding the office of part- time constable of a justice of the peace court whose jurisdiction has a population of fifteen thousand or fewer persons according to the 1990 federal decennial census, or from holding the office of part-time constable or part-time marshal of a city court in a municipality with a population of ten thousand or fewer persons according to the 1990 federal decennial census, provided such person held both the office of deputy sheriff and the office constable or marshal prior to January 1, 1997.
A reserve deputy appointed by the sheriff enjoys the same authority as a regularly paid deputy, and this position is similarly considered an appointed public office. See Attorney General Opinions 97-107 and 90-521. The same prohibitions and exemptions in the law are applicable; thus, if the exemption is applicable to the Town of Pollock, you could serve as constable and uncompensated reserve officer.
Finally, we note that if the position of deputy sheriff is held on a part-time basis, the scenarios contemplated in your questions are not prohibited by law. The definitions of part-time and full-time are found in R.S. 42:62(4) and (5). "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work. "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined as full-time.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: June 25, 2003
OPINION NUMBER 97-107
MARCH 13, 1997
78 DUAL OFFICEHOLDING
It is permissible for an individual to hold the office of justice of the peace and receive an honorary commission as deputy sheriff.
Mr. Phillip M. Lynch, Jr. St. Tammany Parish Justice of the Peace 1280 Clause Street Mandeville, Louisiana 70448
Dear Mr. Lynch:
This office is in receipt of your opinion request where you present the following issues for our review:
 (1) May a Justice of the Peace hold a commission with a sheriff's department as a reserve deputy?
 (2) May a Justice of the Peace hold an honorary commission with the sheriff's department as a deputy sheriff?
In response to your first question, note that a reserve deputy appointed by the sheriff enjoys the same authority as a regularly paid deputy, and his position is similarly considered an appointed public office. See Attorney General Opinion 90-521. We note and attach a copy of a ruling recently issued by the Judiciary Commission indicating that a deputy sheriff may not also serve as justice of the peace. The reasoning therein would apparently also be applicable to a reserve deputy sheriff. We suggest you contact Dr. Hugh Collins, Judicial Administrator, Louisiana Supreme Court, 301 Loyola Avenue, Rm 109, New Orleans, Louisiana, 70112, for further guidance concerning this issue.
As to your second question, note that no dual officeholding problem exists. As a deputy sheriff holding only an honorary commission, you will receive no compensation, nor are you allowed to exercise any law enforcement authority of any kind. An individual appointed deputy sheriff who has no arrest authority, is not authorized to carry a firearm, and who further exercises no other law enforcement powers, does not hold an office for purposes of the dual officeholding statute. It is therefore permissible for you to hold office as justice of the peace and further receive an honorary commission as deputy sheriff.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 90-521
November 13, 1990
71-1-1 MUNICIPAL FIRE POLICE CIVIL SERVICE
A member of the Westwego Civil Service Board cannot be employed by the parish, be member of the zoning board, or a reserve deputy for the sheriff's office since each is either public employment or public office.
Mr. Dennis M. Melancon Westwago Fire Police Civil Service Board P.O. Box 367 Westwago, LA. 70094
Dear Mr. Melancon:
This office is in receipt of your request for an opinion of the Attorney General. Your questions pertain to the eligibility of certain members of the City of Westwago Fire and Police Civil Board to serve on the Board.
The specific statutory provision that is pertinent to your inquiry depends upon the population of Westwago which we understand is near 13,000. If the population is over 13,000, R.S. 33:2476(B) applies, whereas if under 13,000, we must look to R.S. 33:2536(C). However, both contain a similar provision. Under each a fire and police civil service board is created, and along with certain requirements for eligibility for appointment to the board, it is provided as follows:
 No member of the board shall be a candidate for nomination or election to any public office or hold any other public office or position of public employment, except that of notary public, a military or naval official office, or that of a municipal, * * * fire or police department which is expressly required by the provisions of this Part.
It is in light of this prohibition that you inquire about the eligibility of certain members of the Board. Two members of the Board are employees of the Jefferson Parish Inspection and Code Enforcement Department; a member of the Board is also a member of the City of Westwago Zoning Board; and finally, you are Reserve Deputy for the Jefferson Parish Sheriff's Office.
It is clear under the statutory provisions that a member of the Board cannot be in "public" employment. Accordingly, it must be concluded that those persons employed by the Jefferson Parish Inspection and Code Enforcement Department are not qualified for service on the Board.
We find this conclusion consistent with opinions of this office holding individuals employed as an advisor to the Mayor of Kenner, a high school principal or employee of the U.S. post office, could not serve on the municipal fire and police civil service board, Atty. Gen. Op. No. 87-46, 83-595, 82-976.
While the position as a member of the Westwago Zoning Board is not compensated, we do not believe compensation is controlling in determining whether an individual holds "public office" and would thereby be prohibited from being a member of the municipal fire and police civil service boards. Although the statute does not define "public office", we find it pertinent that the statute only excepts a notary public, or public is considered "public office", that term must be given a broad meaning. It would include not only public officers of the state, but anyone in a position that is elected or appointed in parishes, municipalities, special districts or political subdivisions under provisions of law. This is consistent with the definition of public office set forth in R.S. 14:2(9).
Based upon this reasoning, we must conclude that an individual cannot serve on the municipal fire and police civil service board if a member of another board in public government such as the Westwago Zoning Board. Of course, he may resign from the Zoning Board and remain with the Civil Service Board if he should so desire.
Another inquiry is whether the position as a reserve deputy with the parish sheriff's office by an individual employed by the fire department prevent's service on the civil service board.
We find no difficulty in concluding that this is not public employment since no compensation is received for the service. However, the more complex question is if this is prohibited as a public office.
We believe inasmuch as the reserve deputy is appointed by the sheriff to perform all the duties of a deputy sheriff along with the power of a full time paid deputy sheriff, this is a public office. This conclusion is fortified by earlier opinions. In Attorney General Opinion, 1946-48 p. 987, it was recognized the special deputies have the same authority as a regular paid deputy by the taking and recordation of the oath, and the sheriff is responsible for their official acts to the same extent as any other deputy. As noted by this office in another earlier opinion the designation as "auxiliary" deputy is simply a classification used by the sheriff indicating that such deputy services without pay, but it was concluded, "This does not change the nature of a validly appointed deputy sheriff." Atty. Gen. Op., Oct. 19, 1973. These special deputies undergo training, are insured and bonded as the paid deputies, and have the same powers.
Since the special deputies must be considered a public office and not within the exception of the statute as a regular employee of a municipal, parish or fire protection district fire or police department "which is expressly required" for a board member, it falls within the prohibition that no member of the board shall hold any other public office.
You point out that all employees of the City of Westwago Fire Department are also members of the Westwago Volunteer Fire Company Number One and ask if their eligibility is in question.
We find no problem with this situation since we are informed the members of the volunteer fire department do not have to take oaths, be bonded or publicly insured. Consequently, we do not feel this can be considered having a public office within the provisions of the statute.
Finally, you ask if there are members of the Board who are ineligible, what steps are to be taken.
In accordance with Lehmann v. Musgrave, 374 So.2d 1284 (La.App. 1979), which involved a civil service board member becoming a candidate for public office, the Court held by the candidacy "a board member vacates his board membership." It was found it disqualifies him as a board member and is equivalent to a resignation. With analogy to the dual officeholding statute, the Court construed the acceptance of a second office as vacating the first.
Based upon the reasoning of the Court that holding a prohibited position disqualifies a board member and constitutes a vacancy, it would follow attention must be given to the provisions of R.S. 33:2536(E) relative to a vacancy. Therein it states another member shall be appointed in the same manner as the outgoing member was appointed within ninety days after the vacancy occurs.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR:atb
 cc: Thomas M. Willmott, Esq. 3016 19th St. Ste. B Metairie, LA. 70002