Dear Mr. Kuhn:
A member of the school board may not at the same time hold any office or employment with the sheriff's office. The statute applicable in this matter is R.S. 42:63(D) of the Louisiana Dual Officeholding and Dual Employment Laws which states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
A reserve deputy sheriff appointed by the sheriff enjoys the same authority as a regularly paid deputy, and his position is similarly considered an appointed office. Compensation, or lack thereof, is not relevant to this determination. See Attorney General Opinions 02-292 and 90-521.
An elected school board member may receive an honorary commission as deputy sheriff. A deputy sheriff holding only an honorary commission has no law enforcement authority of any kind. An individual appointed deputy sheriff, who has no arrest authority, is not authorized to carry a firearm, and who further exercises no other law enforcement powers, does not hold an office for purposes of the dual officeholding statute. See Attorney General Opinion 95-169.
Finally, we assume that the exemption of R.S. 42:66(J) is inapplicable in this matter. That statue provides:
 Nothing in this Part shall be construed to prohibit an elected school board member from holding employment as a juvenile probation officer in a district court, as a parish prison warden, or as a deputy sheriff provided that such person, on September 7, 1979, held elective office as a school board member and at the same time held elective or appointive office in juvenile services of the district court, or held elective office as a school board member and at the same time held employment as a parish prison warden or as a deputy sheriff and has continued to so serve as a school board member and in juvenile services of the district court, or as a school board member and as a parish prison warden or a deputy sheriff. The provisions of this Subsection relative to parish prison wardens and deputy sheriffs shall not be applicable in any parish over 400,000 in population.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: August 28, 2003
OPINION NUMBER 02-0292
August 14, 2002
78 DUAL OFFICEHOLDING R.S. 42:63(D)
Deputy sheriff may run for the elected office of police juror. A leave of absence from employment as deputy sheriff need not be taken as long as the individual fulfills his job duties and does not use official time for election activities. Should he be elected, he must resign from both his positions as deputy sheriff and reserve deputy sheriff.
Mr. Winston R. Bell, Sr. 223 Longfellow Alexandria, LA 71302
Dear Mr. Bell:
You have asked this office to advise you whether you must resign from your position as deputy sheriff with the Rapides Parish Sheriff's Office should you be elected as Rapides Parish Police Juror. You also ask whether you must resign from your position as Rapides Parish Reserve Deputy should you be elected police juror.
R.S. 42:63(D) of Louisiana's Dual Officeholding and Dual Employment Law addresses your inquiry. The statute provides, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
R.S. 42:63(D) prohibits any "member of any parish governing authority" from holding "any office or employment with any sheriff." A reserve deputy appointed by the sheriff enjoys the same authority as a regularly paid deputy, and his position is similarly considered an appointed public office. See Attorney General Opinion 90-521, copy attached.
Compensation, or lack thereof, is not relevant to the foregoing determination. Thus, should you be elected police juror, you must resign from both your position as full-time deputy sheriff and your position as reserve deputy sheriff.
We note that a police juror may receive an honorary commission as deputy sheriff. A deputy sheriff holding only an honorary commission has no law enforcement authority of any kind. An individual appointed deputy sheriff who has no arrest authority, is not authorized to carry a firearm, and who further exercises no other law enforcement powers, does not hold an office for purposes of the dual officeholding statute. See Attorney General Opinion 95-169, copy attached.
Finally, a non-civil service, full-time deputy sheriff may run for elective office without taking a leave of absence or resigning his position provided he fulfills his job duties and does not use official time for election activities. He must campaign during off-duty hours.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 95-169
MAY 4, 1995
78 OFFICERS — Dual Officeholding LSA-R.S. 42:61, et seq
It is permissible for an individual to hold the office of Treasurer of the Iberville Parish Police Jury and receive an honorary commission as deputy sheriff.
Mr. John P. Gabel, III Treasurer, Iberville Parish Police Jury P.O. Box 389 Plaquemine, LA 70765-0389
Dear Mr. Gabel:
You have requested that this office render a legal opinion concerning a possible violation of the Dual Officeholding and Dual Employment Law, LSA-R.S. 42:61, et seq. Specifically, you ask whether the law permits you to hold the office of Treasurer of the Iberville Parish Police Jury and accept an honorary commission as deputy sheriff.
This situation does not present a dual officeholding problem. As deputy sheriff, you will receive no compensation, nor are you allowed to exercise any law enforcement authority of any kind. An individual appointed deputy sheriff who has no arrest authority, is not authorized to carry a firearm, and who further exercises no other law enforcement powers, does not hold an office for purposes of the dual officeholding statute. It is therefore permissible for you to hold office as Treasurer of the Police Jury and further receive an honorary commission as deputy sheriff.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
OPINION NUMBER 90-521
November 13, 1990
71-1-1 MUNICIPAL FIRE POLICE CIVIL SERVICE
A member of the Westwego Civil Service Board cannot be employed by the parish, be a member of the zoning board, or a reserve deputy for the sheriff's office since each is either public employment or public office.
R.S. 33:2536
Mr. Dennis M. Melancon Westwego Fire Police Civil Service Board P.O. Box 367 Westwego, LA. 70094
Dear Mr. Melancon:
This office is in receipt of your request for an opinion of the Attorney General. Your questions pertain to the eligibility of certain members of the City of Westwego Fire and Police Civil Service Board to serve on the Board.
The specific statutory provision that is pertinent to your inquiry depends upon the population of Westwego which we understand is near 13,000. If the population is over 13,000, R.S. 33:2476(B)a applies, whereas if under 13,000, we must look to R.S. 33:2536(C). However, both contain a similar provision. Under each a fire and police civil service board is created, and along with certain requirements for eligilibility for appointment to the board, it is provided as follows:
No member of the board shall be a candidate for nomination or election to any public office or hold any other public office or position of public employment, except that of notary public, a military or naval official office, or that of a municipal, * * * fire or police department which is expressly required by the provisions of this Part.
It is in light of this prohibition that you inquire about the eligibility of certain members of the Board. Two members of the Board are employees of the Jefferson Parish Inspection and Code Enforcement Department; a member of the Board is also a member of the City of Westwego Zoning Board; and finally, you are a Reserve Deputy for the Jefferson Parish Sheriff's Office.
It is clear under the statutory provisions that a member of the Board cannot be in "public" employment. Accordingly, it must be concluded that those persons employed by the Jefferson Parish Inspection and Code Enforcement Department are not qualified for service on the Board.
We find this conclusion consistent with opinions of this office holding individuals employed as an advisor to the Mayor of Kenner, a high school principal or employee of the U.S. post office, could not serve on the municipal fire and police civil service board, Atty.Gen.Op. No. 87-46, 83-595, 82-976.
While the position as a member of the Westwego Zoning Board is not compensated, we do not believe compensation is controlling in determining whether an individual holds "public office" and would thereby be prohibited from being a member of the municipal fire and police civil service boards. Although the statute does not define "public office", we find it pertinent that the statute only excepts a notary public, or military or naval official. Consequently, we feel if notary public is considered "public office", that term must be given a broad meaning. It would include not only public officers of the state, but anyone in a position that is elected or appointed in parishes, municipalities, special districts or political subdivisions under provisions of law. This is consistent with the definition of public office set forth in R.S. 14:2(9).
Based upon this reasoning, we must conclude that an individual cannot serve on the municipal fire and police civil service board if a member of another board in public government such as the Westwego Zoning Board. Of course, he may resign from the Zoning Board and remain with the Civil Service Board if he should so desire.
Another inquiry is whether the position as a reserve deputy with the parish sheriff's office by an individual employed by the fire department prevents service on the civil service board.
We find no difficulty in concluding that this is not public employment since no compensation is received for the service. However, the more complex question is if this is prohibited as a public office.
We believe inasmuch as the reserve deputy is appointed by the sheriff to perform all the duties of a deputy sheriff along with the power of a full time paid deputy sheriff, this is a public office. This conclusion is fortified by earlier opinions. In Attorney General Opinion, 1946-48 p. 987, it was recognized the special deputies have the same authority as a regular paid deputy by the taking and recordation of the oath, and the sheriff is responsible for their official acts to the same extent as any other deputy. As noted by this office in another earlier opinion the designation as "auxiliary" deputy is simply a classification used by the sheriff indicating that such deputy serves without pay, but it was concluded, "This does not change the nature of a validly appointed deputy sheriff." Atty.Gen.Op., Oct. 19, 1973. These special deputies undergo training, are insured and bonded as the paid deputies, and have the same powers.
Since the special deputies must be considered a public office and not within the exception of the statute as a regular employee of a municipal, parish or fire protection district fire or police department "which is expressly required" for a board member, it falls within the prohibitions that no member of the board shall hold any other public office.
You point out that all employees of the City of Westwego Fire Department are also members of Westwego Volunteer Fire Company Number One and ask if their eligibility is in question.
We find no problem with this situation since we are informed the members of the volunteer fire department do not have to take oaths, be bonded or publicly insured. Consequently, we do not feel this can be considered having a public office within the provisions of the statute.
Finally, you ask if there are members of the Board who are ineligible, what steps are to be taken.
In accordance with Lehmann v. Musgrave, 374 So.2d 1284 (La.App. 1979), which involved a civil service board member becoming a candidate for public office, the Court held by the candidacy "a board member vacates his board membership.'" It was found it disqualifies him as a board member and is equivalent to a resignation. With analogy to the dual officeholding statute, the Court construed the acceptance of second office as vacating the first.
Based upon the reasoning of the Court that holding a prohibited position disqualifies a board member and constitutes a vacancy, it would follow attention must be given to the provisions of R.S. 33:2536(E) relative to a vacancy. Therein it states another member shall be appointed in the same manner as the outgoing member was appointed within ninety days after the vacancy occurs.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
William J. Guste, Jr. Attorney General
By: Barbara B. Rutledge Assistant Attorney General
La. Atty. Gen. Op. No. 90-521, 1990 WL 544927 (La.A.G.)
OPINION NUMBER 95-169
MAY 4, 1995
78 OFFICERS — Dual Officeholding LSA-R.S. 42:61, et seq
It is permissible for an individual to hold the office of Treasurer of the Iberville Parish Police Jury and receive an honorary commission as deputy sheriff.
Mr. John P. Gabel, III Treasurer, Iberville Parish Police Jury P.O. Box 389 Plaquemine, LA 70765-0389
Dear Mr. Gabel:
You have requested that this office render a legal opinion concerning a possible violation of the Dual Officeholding and Dual Employment Law, LSA-R.S. 42:61, et seq. Specifically, you ask whether the law permits you to hold the office of Treasurer of the Iberville Parish Police Jury and accept an honorary commission as deputy sheriff.
This situation does not present a dual officeholding problem. As deputy sheriff, you will receive no compensation, nor are you allowed to exercise any law enforcement authority of any kind. An individual appointed deputy sheriff who has no arrest authority, is not authorized to carry a firearm, and who further exercises no other law enforcement powers, does not hold an office for purposes of the dual officeholding statute. It is therefore permissible for you to hold office as Treasurer of the Police Jury and further receive an honorary commission as deputy sheriff.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
OPINION NUMBER 90-521
NOVEMBER 13, 1990
71-1-1 MUNICIPAL FIRE POLICE CIVIL SERVICE
A member of the Westwego Civil Service Board cannot be employed by the parish, be a member of the zoning board, or a reserve deputy for the sheriff's office since each is either public employment or public office.
R.S. 33:2536
Mr. Dennis M. Melancon Westwego Fire Police Civil Service Board P.O. Box 367 Westwego, LA. 70094
Dear Mr. Melancon:
This office is in receipt of your request for an opinion of the Attorney General. Your questions pertain to the eligibility of certain members of the City of Westwego Fire and Police Civil Service Board to serve on the Board.
The specific statutory provisions that is pertinent to your inquiry depends upon the population of Westwego which we understand is near 13,000. If the population is over 13,000, R.S. 33:2476(B) applies, wheras if under 13,000, we must look to R.S. 33:2536(C). However, both contain a similar provision. Under each a fire and police civil service board is created, and along with certain requirements for eligibility for appointment to the board, it is provided as follows:
 No member of the board shall be a candidate for nomination or election to any public office or hold any other public office or position of public employment, except that of notary public, a military or naval official office, or that of a municipal, * * * fire or police department which is expressly required by the provisions of this Part.
It is in light of this prohibition that you inquire about the eligibility of certain members of the Board. Two members of the Board are employees of the Jefferson Parish Inspection and Code Enforcement Department; a member of the Board is also a member of the City of Westwego Zoning Board; and finally, you are a Reserve Deputy for the Jefferson Parish Sheriff's Office.
It is clear under the statutory provisions that a member of the Board cannot be in "public" employment. Accordingly, it must be concluded that those persons employed by the Jefferson Parish Inspection and Code Enforcement Department are not qualified for service on the Board.
We find this conclusion consistent with opinions of this office holding individuals employed as an advisor to the Mayor of Kenner, a high school principal or employee of the U.S. post office, could not serve on the municipal fire and police civil service board, Atty. Gen. Op. No. 87-46, 83-595, 82-976.
While the position as a member of the Westwego Zoning Board is not compensated, we do not believe compensation is controlling in determining whether an individual holds "public office" and would thereby be prohibited from being a member of the municipal fire and police civil service boards. Although the statute does not define "public office", we find it pertinent that the statute only excepts a notary public, or military or naval official. Consequently, we feel if notary public is considered "public office", that term must be given a broad meaning. It would include not only public officers of the state, but anyone in a position that is elected or appointed in parishes, municipalities, special districts or political subdivisions under provisions of law. This is consistent with the definition of public office set forth in R.S. 14:2(9).
Base upon this reasoning, we must conclude that an individual cannot serve on the municipal fire and police civil service board if a member of another board in public government such as the Westwego Zoning Board. Of course, he may resign from the Zoning Board and remain with the Civil Service Board if he should so desire.
Another inquiry is whether the position as a reserve deputy with the parish sheriff's office by an individual employed by the fire department prevents service on the civil service board.
We find no difficulty in concluding that this is not public employment since no compensation is received for the service. However, the more complex question is if this is prohibited as a public office.
We believe inasmuch as the reserve deputy is appointed by the sheriff to perform all the duties of a deputy sheriff along with the power of a full paid deputy sheriff, this is a public office. This conclusion is fortified by earlier opinions. In attorney General Opinion, 1946-48 p. 987, it was recognized the special deputies have the same authority as a regular paid deputy by the taking and recordation of the oath, and the sheriff is responsible for their official acts to the same extent as any other deputy. As noted by this office in another earlier opinion the designation as "auxiliary" deputy is simply a classification used by the sheriff indicating that such deputy serves without pay, but it was concluded, "This does not change the nature of a validly appointed deputy sheriff." Atty. Gen. Op., Oct. 19, 1973. These special deputies undergo training, are insured and bonded as the paid deputies, and have the same powers.
Since the special deputies must be considered a public office and not within the exception of the statute as a regular employee of a municipal, parish or fire protection district fire or police department "which is expressly required" for a board member, it falls within the prohibition that no member of the board shall hold any other public office.
You point out that all employees of the City of Westwego Fire Department are also members of the Westwego Volunteer Fire Company Number One and ask if their eligibility is in question.
We find no problem with this situation since we are informed the members of the volunteer fire department do not have to take oaths, be bonded or publicly insured. Consequently, we don not feel this can be considered having a public office within the provisions of the statute.
Finally, you ask if there are members of the Board who are ineligible, what steps are to be taken.
In accordance with Lehmann v. Musgrave, 374 So.2d 1284 (La.App. 1979), which involved a civil service board member becoming a candidate for public office, the Court held by the candidacy "a board member vacates his board membership." It was found it disqualifies him as a board member and is equivalent to a resignation. With analogy to the dual officeholding statute, the Court construed the acceptance of a second office as vacating the first.
Based upon the reasoning of the Court that holding a prohibited position disqualifies a board member and constitutes a vacancy, it would follow attention must be given to the provisions of R.S. 33:2536(E) relative to a vacancy. Therein it states another member shall be appointed in the same manner as the outgoing member was appointed within ninety days after the vacancy occurs.
We hope this sufficiently answers your inquiry, but if we cane be of further assistance, please do not hesitate to contract us.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR:atb
cc: Thomas M. Willmott, Esq. 3016 19th St. Ste. B Metairie, LA. 70002