Dear Mr. Morvant:
You advise this office that Mr. Chris Boudreaux holds a full-time position of employment with the Lafourche Parish government as Director of Homeland Security. The position is in the civil service. Mr. Boudreaux also holds the following positions: Fire Chief for the Fire Protection District No. 8C of the Parish of Lafourche, and elected president of the Lafourche Fire Chiefs' Association. Mr. Boudreaux is also being considered for a position on the board governing the Louisiana State Firemen's Association, representing District 3. You ask if the foregoing presents any violation of the Louisiana Dual Officeholding and Dual Employment Law, R.S. 42:61, et seq.
The Fire Chief of Lafourche Parish Fire Protection District No. 8C of the Parish of Lafourche is a volunteer chief and receives no salary. The Louisiana Dual Officeholding and Dual Employment Law, R.S. 42:61, etseq., is invoked when a public official or employee holds two or more public offices or public employments. Applying those provisions in previous opinions, this office has stated that "the position of Fire Chief of a volunteer fire department is not a public office or employment", and the prohibitions of dual officeholding are inapplicable. See Attorney General Opinions 05-0434, 80-1466 and 80-1525, copies attached.
In the instant matter, the Fire Chief is elected by the membership of the fire department. For this reason, the Fire Chief is not an "appointee" as defined in R.S. 42:62 because the Fire Chief does not have to be confirmed by the fire district board or any other public entity. An "appointive office" is a position defined by law to be "specifically established or authorized by law" and filled by appointment by elected or appointed *Page 2 
public officials or a governmental body comprised of such officials. In the instant matter, the selection process of the Fire Chief falls outside the definition of "appointive office".[1]
Further, the Fire Chief of District 8(C) receives no compensation for his effort; he receives no salary or any per diem. R.S. 42:62(3) defines "employment" as any job compensated on a salary on a per diem basis in which the person is an employee of a political subdivision.[2] Since the Fire Chief is a volunteer, is not salaried or paid on a per diem basis, and is not an "appointee", we conclude there is no violation of the dual officeholding provisions concerning his employment with the parish as Director of Homeland Security and his service as Fire Chief.
Examining the remaining positions under review, note that the Lafourche Fire Chiefs Association, Inc. is a nonprofit corporation, originally formed under Louisiana law by individuals in 1995 and not by or with the authority of any governing authority or political subdivision. The board members and its president are elected by the membership of this nonprofit organization. The president serves without compensation.
Similarly, the Louisiana State Fireman's Association is a nonprofit corporation, originally formed under Louisiana law by individuals in 1939 and not by or with the authority of any governing authority or political subdivision. The board members of the Association are elected by the membership of this nonprofit organization and serve without compensation.
Because Mr. Boudreaux does not hold two positions which fall within the ambit of the dual-officeholding statutes, none of the prohibitions contained therein are applicable. Thus, those provisions do not prevent him from holding all positions considered herein.
Finally, Mr. Boudreaux informs us that civil service rules and regulations do not prohibit him from holding these positions. Note that the opinion of this office is limited to an examination of the dual-officeholding statutes and does not address any civil service rules which might be applicable. Any questions concerning the Code of Governmental Ethics should be forwarded to the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA 70808, phone 225-763-8777. *Page 3 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By: _____________________
 KERRY L. KILAPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
 OPINION 05-0434
78 Dual Officeholding
R.S. 40:1496(A)(2); R.S. 42:62; R.S. 40:1498(A)
Volunteer, unpaid Fire Chief may serve as member of Fire Protection District Board.
Mr. Jeff Morrow St. Landry Parish Fire Protection District P.O. Box 158 Krotz Springs, LA 70750
Dear Mr. Morrow:
You have submitted two questions to this office for our review and resolution. You first ask whether the Fire Chief may also be a member of the St. Landry Fire Protection District Number One governing board.
The Fire Chief is a volunteer chief; he receives no salary and is reimbursed for expenses such as meals and mileage when conducting fire department business.
The Louisiana Dual Officeholding and Dual Employment Law, R.S. 42:61,et seq., is invoked when a public official or employee holds two or more public offices or public employments. Applying those provisions in previous opinions, this office has stated that "the position of Fire Chief of a volunteer fire department is not a public office or employment", and the prohibitions of dual officeholding are inapplicable. Attorney General Opinions 80-1466 and 80-1525, copies attached.
In Attorney General Opinion 90-521 it was concluded the volunteer members of the Westwego Fire Department were not considered as having a public office within the provisions of the dual officeholding statute, insamuch as members "do not have to take oaths, be bonded or publicly insured." See Attorney General Opinion 90-521, copy attached.
Further, we assume that the Fire Chief is elected from the membership of the fire department. For this reason, the Fire Chief is not an appointee as defined in R.S. 42:62 because the Fire Chief is selected by the membership, and does not have to be confirmed by the Board or any other public entity. An appointee is a position defined by law to be "specifically established or authorized by law" and filled by appointment by elected or appointed public officials or a governmental body comprised of such *Page 2 
officials.[1] In the instant matter, the selection process of the Fire Chief falls outside the definition of "appointive" office.
Further, the Fire Chief receives no compensation for his effort; he receives no salary or any per diem. R.S. 42:62(3) defines "employment" as any job compensated on a salary on a per diem basis in which the person is an employee of a political subdivision.[2] Since the Fire Chief is a volunteer, is not salaried or paid on a per diem basis, and is not an "appointee", we conclude there is no violation of the dual officeholding provisions, as there must be two public positions under review for such an occurrence. Thus, the Fire Chief here may serve as a member of the fire protection board.[3]
Your second question is whether the Chairman of the St. Landry Fire Protection District Number One Fire Board may also serve as the Secretary of the Board. R.S. 40:1496(A)(2) governs the appointment of board members and provides for the selection of chairman, stating:
 § 1496. Appointment of members of board; term; vacancies
 A. The board of commissioners shall consist of five members
 * * * * (2) In the case where one municipality is included within the boundaries of a district lying within a single parish;
 (a) Two members shall be appointed by the parish governing authority.
 (b) Two members shall be appointed by the governing authority of the municipality; and
 (c) One shall be selected by the other four members and shall serve as chairman of the board. (Emphasis added).
Further, R.S. 40:1498(A) provides for the compensation of the elected secretary or treasurer or secretary-treasurer of the board, and states:
 § 1498. Compensation of board members *Page 3 
 A. (1) Members of the governing boards of fire protection districts, including members of police juries serving ex officio, may be paid a per diem of thirty dollars for attending meetings of the board, not to exceed two meetings in any one calendar month, or may be reimbursed any expenses incurred in performing the duties imposed upon them by virtue of their serving as members. The amounts paid by virtue of this Section shall be paid from funds of the respective fire protection districts. Per diem payments under this Section to members of police juries serving ex officio as members of the governing boards of fire protection districts shall be in addition to per diem paid them as members of the police juries.
 (2) If a member is elected secretary or treasurer or secretary-treasurer of the board, he may be compensated additionally for such office. (Emphasis added).
While the holding of these two positions poses no specific violation of the dual officeholding law, we suggest you contact the Louisiana State Board of Ethics, 8401 United Plaza Blvd, Suite 200, Baton Rouge, LA,70809, (225) 763-8777, for review of any potential questions under the Code of Governmental Ethics.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: _____________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:ams *Page 1 
 OPINION NUMBER 80-1466
78 . . . OFFICERS-DUAL OFFICE HOLDING R.S. 42:61 (A)
Mayor may serve concurrently as fire chief of volunteer fire department. Dual office address public officials only.
Mr. Michael J. McNulty, Jr., Esquire Town Attorney, Town of Franklin Post Office Drawer 565 Franklin, Louisiana 70538
Dear Mr. McNulty:
Reference is made to your letter of November 3, 1980, requesting our opinion on whether an alderman may serve concurrently as fire chief of a volunteer fire department.
The dual officeholding and dual employment law is intended to address the concurrent holding of two or more public offices. R.S. 42:61(A). The position of fire chief of a volunteer fire department is not a public office or employment. Accordingly, the prohibitions found within Act No. 700 of 1979 are inapplicable.
In the event that the town contracts with or enters into transactions with the volunteer fire department, you may wish to contact the appropriate ethics body, to determine whether any conflict or ethical prohibition is presented.
 Very truly yours,
 WILLIAM J. GUSTE, JR.
 By: ____________________
 CHARLES L. PATIN, JR.
 Assistant Attorney General
 CLP, jr:vw
 OPINION NUMBER 80-1525
22-2 Dual Office Holding (See Office: #78)
Dual office holding and dual employmet law inapplicable to volunteer fire department.
Mr. Stafford Marcantel 11/18/80
Jackson, La. 70748
Mr. Stafford Marcantel, Alderman Town of Jackson City Hall Jackson, Louisiana 70 748
Dear Mr. Marcantel:
We are in receipt of your recent correspondence requesting the opinion of this office relative to whether the mayor and members of the board of aldermen may serve concurrently as chief and members of the Jackson Volunteer Fire Department. You further question whether the fact that the Town of Jackson is under a special charter is of bearing upon your request.
With respect to your first question, we enclose a copy of Attorney General Opinion No. 80-1466 which specifically concluded that the dual office holding and dual employment law is inapplicable where an alderman serves concurrently as chief of a volunteer fire department. The reasoning employed therein serves in further response with respect to whether the mayor and two additional aldermen may serve concurrently as members of the volunteer fire department of Jackson.
With respect to the issue of the special charter, it is our opinion that in absence of a specific prohibition the mayor and aldermen may serve as chief and members of the volunteer fire department for the Town of Jackson.
Trusting this will serve in response to your inquiry, we remain
 Very truly yours,
 WILLIAM J. GUSTE, JR.
 ATTORNEY GENERAL
 By: _____________________
 CHARLES L. PATIN, JR.
 ASSISTANT ATTORNEY GENERAL
 CLP/cr *Page 1 
 OPINION NUMBER 90-521
Mr. Dennis M. Melancon Westwego Fire Police Civil Service Board P.O. Box 367 Westwego, LA. 70094
Dear Mr. Melancon:
This office is in receipt of your request for an opinion of the Attorney General. Your questions pertain to the eligibility of certain members of the City of Westwego Fire and Police Civil Service Board to serve on the Board.
The specific statutory provision that is pertinent to your inquiry depends upon the population of Westwego which we understand is near 13,000. If the population is over 13,000, R.S. 33:2476(B) applies, whereas if under 13,000, we must look to R.S. 33:2536(C). However, both contain a similar provision. Under each a fire and police civil service board is created, and along with certain requirements for eligibility for appointment to the board, it is provided as follows:
 No member of the board shall be a candidate for nomination or election to any public office or hold any other public office or position of public employment, except that of notary public, a military or naval official office, or that of a municipal, * * * fire or police department which is expressly required by the provisions of this Part.
It is in light of this prohibition that you inquire about the eligibility of certain members of the Board. Two members of the Board are employees of the Jefferson Parish Inspection and Code Enforcement Department; a member of the Board is also a member of the City of Westwego Zoning Board; and finally, you are a Reserve Deputy for the Jefferson Parish Sheriff's Office. *Page 2 
It is clear under the statutory provisions that a member of the Board cannot be in "public" employment. Accordingly, it must be concluded that those persons employed by the Jefferson Parish Inspection and Code Enforcement Department are not qualified for service on the Board.
We find this conclusion consistent with opinions of this office holding individuals employed as an advisor to the Mayor of Kenner, a high school principal or employee of the U.S. post office, could not serve on the municipal fire and police civil service board, Atty. Gen. Op. No. 87-46, 83-595, 82-976.
While the position as a member of the Westwego Zoning Board is not compensated, we do not believe compensation is controlling in determining whether an individual holds "public office" and would thereby be prohibited from being a member of the municipal fire and police civil service boards. Although the statute does not define "public office", we find it pertinent that the statute only excepts a notary public, or military or naval official. Consequently, we feel if notary public is considered "public office", that term must be given a broad meaning. It would include not only public officers of the state, but anyone in a position that is elected or appointed in parishes, municipalities, special districts or political subdivisions under provisions of law. This is consistent with the definition of public office set forth in R.S. 14:2(9).
Based upon this reasoning, we must conclude that an individual cannot serve on the municipal fire and police civil service board if a member of another board in public government such as the Westwego Zoning Board. Of course, he may resign from the Zoning Board and remain with the Civil Service Board if he should so desire.
Another inquiry is whether the position as a reserve deputy with the parish sheriff's office by an individual employed by the fire department prevents service on the civil service board.
We find no difficulty in concluding that this is not public employment since no compensation is received for the service. However, the more complex question is if this is prohibited as a public office.
We believe inasmuch as the reserve deputy is appointed by the sheriff to perform all the duties of a deputy sheriff along with the power of a full time paid deputy sheriff, this is a public office. This conclusion is fortified by earlier opinions. In Attorney General Opinion, 1946-48 p. 987, it was *Page 3 
recognized the special deputies have the same authority as a regular paid deputy by the taking and recordation of the oath,
and the sheriff is responsible for their official acts to the same extent as any other deputy. As noted by this office in another earlier opinion the designation as "auxiliary" deputy is simply a classification used by the sheriff indicating that such deputy serves without pay, but it was concluded, "This does not change the nature of a validly appointed deputy sheriff." Atty. Gen. Op., Oct. 19, 1973. These special deputies undergo training, are insured and bonded as the paid deputies, and have the same powers.
Since the special deputies must be considered a public office and not within the exception of the statute as a regular employee of a municipal, parish or fire protection district fire or police department "which is expressly required" for a board member, it falls within the prohibition that no member of the board shall hold any other public office.
You point out that all employees of the City of Westwego Fire Department are also members of the Westwego Volunteer Fire Company Number One and ask if their eligibility is in question.
We find no problem with this situation since we are informed the members of the volunteer fire department do not have to take oaths, be bonded or publicly insured. Consequently, we do not feel this can be considered having a public office within the provisions of the statute.
Finally, you ask if there are members of the Board who are ineligible, what steps are to be taken.
In accordance with Lehmann v. Musqrave, 374 So. 2d 1284 (La.App. 1979), which involved a civil service board member becoming a candidate for public office, the Court held by the candidacy "a board member vacates his board membership." It was found it disqualifies him as a board member and is equivalent to a resignation. With analogy to the dual officeholding statute, the Court construed the acceptance of a second office as vacating the first.
Based upon the reasoning of the Court that holding a prohibited position disqualifies a board member and constitutes a vacancy, it would follow attention must be given to the provisions of R.S. 33:2536(E) relative to a vacancy. Therein it states another member shall be appointed in the same manner as the outgoing member was appointed within ninety days after the vacancy occurs. *Page 4 
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
 Sincerely yours,
 WILLIAM J. GUSTE, JR.
 Attorney General
 BY: _____________________
 BARBARA B. RUTLEDGE
 Assistant Attorney General
 BBR:atb
 cc: Thomas M. Willmott, Esq.
 3016 19th St. Ste. B
 Metairie, LA. 70002
[1] R.S. 42:62(2) states:
 "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
[2] R.S. 42:63(3) states:
 "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
[1] R.S. 42:62(2) states: "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
[2] R.S. 42:63(3) states: "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
[3] See in contrast Attorney General Opinion 04-0074, in which we concluded that a paid Fire Chief may not serve as board member on the same board which employs him.